42003. BROOKE v. PHILLIPS PETROLEUM COMPANY.

ARGUED MAY 4, 1966—DECIDED MAY 25, 1966.

*Matthews & McClelland, J. Ralph McClelland, Jr.,* for appellant.

*Jones, Bird & Howell, Earle B. May, Jr., Trammell S. Vickery,* for appellee.

JORDAN, Judge. This is an appeal from the order of the trial court granting the defendant lessee's motion for summary judgment in an action brought by the plaintiff lessor to recover damages arising out of the defendant's cancellation of the lease agreement between the parties. The record before the court on consideration of the motion disclosed that the plaintiff lessor entered into a lease contract with Tri Oil, Inc., as lessee, dated October 18, 1955, for a term of ten years beginning on November 1, 1955, and ending on October 31, 1965, at a rate of rental of $210.61 per month; that on January 9, 1962, Tri Oil, Inc., with the consent of the plaintiff transferred and assigned its rights

and obligations under the lease to the defendant, Phillips Petroleum Company; that the lease agreement provided that the plaintiff would make certain improvements on the property necessary for its use as a gasoline service station and that in order for the plaintiff to discharge these obligations under the lease, he borrowed $15,000 from a savings and loan association, the loan to be repaid over a ten-year period concurrently with the term of the lease at the rate of $159.10 per month beginning November 1, 1955, and ending October 31, 1965; that the lease further provided that, "Tri Oil may terminate this lease at any time by giving Lessor at least ninety (90) days' notice and by paying Lessor, as consideration therefor, the sum of ———— Dollars ($————). *Unamortized balance of original contract Loan";* and that this provision referred to the $15,000 loan secured by the plaintiff for the purpose of improving the property.

The record further disclosed that on December 11, 1964, the defendant gave notice of its intention to cancel the lease as of April 1, 1965; that as of the effective date of cancellation, April 1, 1965, seven monthly loan payments of $159.10 each and totaling $1,113.70 had not accrued according to schedule of payments or amortization plan of the loan; that the loan itself had been fully paid and discharged as of November 27, 1962, because of the fact that the plaintiff lessor had voluntarily applied the monthly lease receipts of $210.61 to the loan rather than making the scheduled payments of $159.10; that the plaintiff upon receipt of the defendant's notice of cancellation demanded payment of the sum of $1,113.70 as representing the unamortized balance of the original contract loan provided for in the lease agreement as consideration for the defendant's privilege of terminating the lease agreement; and that the defendant refused to pay this sum in spite of repeated demands by the plaintiff.

The trial court in granting a summary judgment in favor of the defendant lessee held that since the loan had been extinguished as of November 27, 1962, by the voluntary payments of the plaintiff lessor, there was no unamortized balance of the loan as of the effective date of cancellation of the lease, April 1, 1965, and that therefore no consideration was due the plaintiff by the defendant for the privilege of canceling the lease.

■ The construction of the lease agreement between the parties here being a question of law for the court (*Code* § 20-701; *McCann v. Glynn Lumber Co.*, 199 Ga. 669, 679 (34 SE2d 839)), and no issue of fact being presented, this was a proper case for adjudication on motion for summary judgment. *General Gas Corp. v. Carn*, 103 Ga. App. 542 (2) (120 SE2d 156); *Goff v. Cooper*, 110 Ga. App. 339 (1) (138 SE2d 449). The sole question for determination therefore is whether or not the trial court properly construed the phrase "Unamortized balance of original contract Loan" in accordance with the applicable rules of construction of contracts.

■ "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." *Code* § 20-702. "Every other rule is subservient to this one. 'The fundamental rule, the rule which swallows up almost all others in construing a paper, is to give it that meaning which will best carry into effect the intent of the parties. This is the object of the rules of interpretation, to discover the true intent of the parties, and in doing this we are to take the whole of [the instrument] together, and to consider this with the surrounding circumstances.' " *Bridges v. Home Guano Co.*, 33 Ga. App. 305, 309 (125 SE 872). In ascertaining the intent, "that construction will be favored which gives meaning and effect to all of the terms of the contract over that which nullifies and renders meaningless a part of the language therein contained" (*Burch v. Ragan*, 92 Ga. App. 605, 607 (89 SE2d 541); *Code* § 20-704 (4)), and in cases of doubt, the contract will be construed most strongly against the one who prepared the instrument. *Code* § 20-704 (5); *Benevolent Burial Assoc., Inc. v. Harrison*, 181 Ga. 230, 239 (181 SE 829); *Howkins v. Atlanta Baggage & Cab Co.*, 107 Ga. App. 38 (1) (129 SE2d 158).

■ The trial court in granting the defendant lessee's motion for summary judgment held in effect that the term "Unamortized balance" referred to the actual unpaid balance of the loan; and in so holding we do not think that proper effect was given to

the intent of the parties as gathered from the lease agreement and surrounding circumstances. Clearly, it was the intention of the parties that the lessee should pay a consideration to the lessor for the privilege of canceling the lease, as the instrument expressly so provided. It is also clear that rather than provide a fixed sum as consideration for this privilege, the parties intended that the amount paid should be in direct proportion to the remaining term of the lease and the concurrent term of the loan agreement; that is, the longer the unexpired term of the lease and loan, the greater the consideration for the privilege of cancellation. And by use of the phrase "Unamortized balance of the original contract Loan," it is equally clear to this court that the parties were referring to the balance of unaccrued payments according to the amortization plan or schedule of payments of the loan rather than to the actual unpaid balance of the loan. This is true for the reason that the parties knew at the outset what the balance of payments under the amortization plan of the loan would be at any given time in the future, while the actual unpaid balance of the loan would depend on varying circumstances, such as prepayment in whole or part or default in payment in whole or part. As defined in Black's Law Dictionary, 4th Edition, p. 108, "An 'amortization plan' for the payment of an indebtedness is one where there are partial payments of the principal, and accrued interest, at stated periods for a definite time, at the expiration of which the entire indebtedness will be extinguished."

The amortization plan of the loan provided a reasonable, predetermined and simple formula for determining the consideration to be paid at any given time in the future by the lessee for the privilege of canceling the lease agreement and its use as the basis of computation would also fully protect the lessor in the investment which he was required to make in order to improve the property as required by the lease and would at the same time protect the lessee in that the lessor could not apply the lease receipts to some other purpose, allow the loan payments to be in arrears and thus increase the consideration which the lessee would have to pay in order to terminate the lease agreement. To construe this contract otherwise, would require nullifi-

cation of the term "Unamortized balance," which was obviously intended to have some meaning since the parties could easily have referred to the loan in some manner without incorporating therein its amortization plan, and would do violence to the rule of construction set forth above that, "that construction will be favored which gives meaning and effect to all of the terms of the contract over that which nullifies and renders meaningless a part of the language therein contained." *Burch v. Ragan,* 92 Ga. App. 605, supra. Furthermore, the lease agreement was prepared by the assignor of the defendant lessee and in cases of doubt the lease must be construed most strongly against it under the authorities cited above.

It is immaterial therefore that the loan had in fact been extinguished at the time of cancellation by the lessee because of the voluntary prepayment by the lessor since seven unaccrued monthly payment periods remained under the amortization plan of the loan; and the judgment of the trial court granting the defendant's motion for summary judgment must be reversed.

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*