## 29125. ROSENBERG v. ROSENBERG.

Nichols, Presiding Justice.

Philip Rosenberg filed the present action in which he sought a declaratory judgment as to his responsibility under a divorce decree granted by the Superior Court of DeKalb County on July 20, 1961. Such decree included as a part thereof an agreement between the parties dated July 12, 1961. Shirley Rosenberg, the plaintiff in the divorce action and the defendant here, filed an answer and cross action for declaratory judgment.

The agreement between the parties read in part as follows: "Whereas there is now pending between said parties a divorce action filed in the Superior Court of DeKalb County by Second Party, being case number 26,414, seeking a total divorce from First Party and alimony for Second Party and support for said parties' minor children named in said petition; and

"Whereas said parties are desirous of entering into an Agreement for the support, maintenance and education of said children and in lieu of alimony to Second Party;

"Now, therefore . . . It is mutually agreed as follows:

"1. First Party shall pay to Second Party as alimony, support and maintenance of their minor children . . . the sum of $280 per month, payable monthly or semi-monthly hereafter and including the month of July, 1961, which said sum shall continue until Second Party shall remarry, at which time said amount shall be

reduced to $150 per month at the time of such remarriage. The remaining $150 per month shall continue to Second Party as support for the welfare, maintenance and education of said minor children.

"2. In the event any one or more of said children shall reach the age of twenty-one (21) years, marry or become self-supporting, then the amount then being paid to Second Party for the support of said children shall be reduced by the sum of $50 per month. In the event of the death of either of said children, the amount to be paid to Second Party for the support of said children shall likewise be reduced by the sum of $50 per month . . .

"8. The payment of the sums herein referred to by First Party to Second Party is made in lieu of, and settlement of any and all claims which Second Party has or may hereafter have for alimony or support of the parties' minor children, hereinabove named . . ." The three children of such marriage have now attained the age of twenty-one (21) years and it is the former husband's contention that he is no longer liable for any payment under such agreement while the former wife contends that, inasmuch as she has not remarried, her former husband is required to pay her $130 per month until such time as she does remarry.

1. In this case, as in *Herring v. Herring,* 232 Ga. 464, no question is presented as to whether such proceeding is permitted if properly objected to.

2. The trial court properly found that the former husband was bound under the above-quoted contract to continue making payments to the wife until such time as she might remarry.

The former husband's real contention is that the second "whereas" quoted above showed that the parties were entering into an agreement for the support, maintenance and education of said children and in lieu of alimony to the wife. Such language, even if contradictory with the remainder of the contract, would not preclude the construction placed on the total contract by the trial court. See 17 AmJur2d 676, Contracts, § 268, and cits.; 45 Words and Phrases, p. 90, Whereas.

The recital as to why the contract was being entered into will not control the operative part thereof. The body

of the contract requires that the former husband continue to make the monthly payment to the former wife until such time as she might remarry.

*Judgment affirmed. All the Justices concur.*

Submitted August 23, 1974 — Decided September 6, 1974.

*Howard, Howard & Hall, William V. Hall, Jr.,* for appellant.

*Goodman & Hudnall, Craig R. Goodman,* for appellee.