## 30447. NASH v. TINCH.

Nichols, Chief Justice.

This appeal is from an order dismissing the appellant's petition for failure to state a claim. The petition alleged that Joe Ella Tinch was a school teacher for the City of Atlanta and as such had certain assignable rights in the pension fund of the city if she died before retirement. She named her mother, Pauline Armstrong, who was then living, as beneficiary of these funds. Her mother died in 1956 and Joe Ella Tinch had failed to name any other beneficiary prior to her death in 1974. The pension funds were paid to the estate of Joe Ella Tinch and passed to her husband as her sole heir. This

action, by the administratrix of Pauline Armstrong, seeks to recover the funds paid to John Tinch and claims a vested right to such funds as the only named beneficiary.

The statute creating the rights here involved provides in part: "A member may designate someone, whether related to him or not, who would be entitled to a refund of the amount he has paid into the pension fund if such member should die before retirement, and in the event he does not name a person to whom a refund is to be made, such refund shall be made to his estate." Ga. L. 1963, pp. 3061, 3063.

1. The appellant's claim as to vested rights in the fund has no merit since the designated beneficiary was subject to change at any time, without notice during the lifetime of the employee. *Webb v. Whitley,* 114 Ga. App. 153 (2) (150 SE2d 261) (1966).

2. The appellant's brief shows that the designation of beneficiary card signed by the employee recited: "If no person is named by you, the refund will be made to your estate." The trial court held that municipal retirement plans created by the legislature are to be strictly construed and that the pension fund of a City of Atlanta employee who dies prior to retirement passes to the estate of the deceased employee where there is no designated beneficiary in life at the death of the employee. The appellant would have this court construe the rights of the parties under the laws of real property and wills rather than the laws pertaining to contracts. There is no merit to appellant's argument. This is a contract created by statute and must be strictly construed. The trial court did not err in construing the meaning of "a person" to mean a person in life at the death of the employee. 4 Couch on Insurance 2d, p. 673, § 27:131.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 17, 1975 — DECIDED DECEMBER 2, 1975.

*Katz, Tye & Weissman, Donald A. Weissman, Jack Halpern,* for appellant.

*Nall, Miller & Cadenhead, J. Wayne Pierce,* for appellee.