## 52878. STUCKEY et al. v. KAHN.

WEBB, Judge.

Joseph S. Kahn was the owner and manager of Delta Products Company, which manufactured and sold gas fire starter units known and incorporated as "Fyr-Lyters." On September 26, 1973, Kahn sold his business to Charles W. Stuckey and Jerry S. Johnson. The documents executed at the closing included a sale of assets agreement and an employment contract.

The sales agreement specified that the purchase price was to be $140,000, of which $7,500 was allocated to the purchase of goodwill and payable in cash at closing. The agreement also designated $113,882 to a restrictive covenant set forth in the employment contract, $23,882 to be paid in cash at closing and $90,000 paid in six annual installments of $15,000 beginning on September 26, 1975, provided the restrictive covenant was not violated; $18,618 was for the sale of "all other assets, fixed or otherwise, of the Seller," payable in cash at closing. Under the employment contract Kahn was to serve for seven years in the capacity of general manager for the business for which he would receive a salary of $12,000 the first year and $22,000 for the second through the seventh years.

As a part of the sales agreement Kahn agreed to either change the name or liquidate the corporation holding the trade name "Fyr-Lyter" within 90 days and to register it as the trade name of Delta Products within 180 days of closing. This was not done. On June 16, 1974, approximately six months after closing, Kahn resigned, removing from the office a file cabinet over the protest of the appellants and their production manager. Appellants terminated payments and Kahn sued.

Count 1 of the complaint set forth the sale of the business and alleged a purchase price of $200,000

consisting of $140,000 for the sale of assets and $60,000 from the employment contract. Count 2 asserted that the $60,000 specified by the employment contract was actually part of the purchase price; that the appellants prevented him from performing his duties and demanded that he perform duties degrading to him which caused him to submit his resignation; and that they had made false representations which induced him to sell his business under the terms set forth. Count 3 alleged an anticipatory breach of contract based upon a conversation with appellant Johnson, and Count 4 prayed for punitive damages.

Stuckey and Johnson answered, contending that the complaint failed to state a claim for relief; that there was a failure of consideration; that there was no enforceable contract between the parties; that the contract lacked mutuality of obligation; that Kahn breached his obligations to them; that Kahn unilaterally repudiated the contract; and that they were fraudulently induced to enter into the sales contract. They also filed a counter-claim seeking recovery of $31,382 of the $50,000 paid to Kahn at the closing on the ground that Kahn had made false representations which induced them to purchase his business, and for other relief.

The case was tried before a jury. At the close of the evidence the judge directed the jury to find in favor of Kahn, but to determine whether the purchase price was $140,000 or $200,000 so as to bring in a verdict of either $90,000, which the appellants asserted was the balance due after the payment of $50,000, or $150,000 as claimed by Kahn for the total purchase price of $200,000 less $50,000. The judge also directed the jury to consider interest and punitive damages. The jury returned a verdict for $150,000, with interest in the amount of $7,875 and $51,500 in punitive damages. Stuckey and Johnson appeal from the verdict directed by the court, the judgment entered thereon and specified rulings made during the course of the trial.

1. Appellants enumerate as error the ruling of the trial court that the contract was ambiguous and the admission of parol evidence to vary its terms. We consider these contentions to be meritorious.

The court based its ruling on paragraph 12 of the sales agreement which provides as follows: "*Survival of Warranties*. All warranties, covenants and representations made by the parties to this Agreement shall survive the closing." Kahn argues that "obviously" this provision "specifically authorizes and allows parol testimony concerning the contracts, and appears to be in direct contradiction to Paragraphs 17 of the Sales Agreement and 19 of the Employment Contract."[1] We do not agree that this language renders the instruments ambiguous.

Kahn's construction, which was adopted by the trial court, requires isolating paragraph 12 of the sales agreement and disregarding the immediately preceding paragraph which sets out the specific representations and warranties of the seller at closing.[2] It also ignores the fact

---

[1] Paragraph 17 of the sales agreement recites: "17. *Entire Agreement*. This instrument contains the entire agreement between the parties hereto with respect to the transactions contemplated herein. Each of the parties hereto has caused to be included herein all such representations and warranties as it considers material for the purposes of the transactions contemplated hereby, based upon investigations which each of them has made of the business and affairs of the other. The representations and warranties contained herein constitute all the representations and warranties upon which the parties hereto have relied." Paragraph 19 of the employment contract provides as follows: "Entire agreement. This instrument contains the entire agreement of the parties. It may not be changed orally but only by an agreement in writing, signed by the party against whom enforcement of any waiver, change, modification, extension, or discharge is sought."

[2] "11. *Seller's Representations and Warranties*. The Seller warrants and represents and shall further represent and warrant at closing the following: (A) Seller is the owner of and has good marketable title to all of the assets agreed to be sold as enumerated in the attached 'Schedule A' free from all liens and encumbrances of any

that paragraph 19 of the employment contract expressly provides that the writing contains the entire agreement and cannot be changed orally, and that paragraph 17 of the sales agreement specifies that the representations and warranties contained in the written agreement constitute *all* of the representations and warranties upon which the parties relied.

"It is a well-settled rule that in the construction of a contract it is to be considered as a whole, and that no part of it is to be discarded if it can be avoided." *Bridges v. Home Guano Co.,* 33 Ga. App. 305, 309 (125 SE 872) (1924). See also *Candler Invest. Co. v. Cox,* 4 Ga. App. 763 (1) (62 SE 479) (1908); *Brooke v. Phillips Petroleum Co.,* 113 Ga. App. 742, 744 (2) (149 SE2d 511) (1966). If the written agreement here is considered as a whole and no part discarded, it is clear that the warranties, covenants and representations referred to in Paragraph 12 of the sales contract are those set forth in Paragraph 11.

"Where the parties have reduced to writing what appears to be a complete and certain agreement, importing a legal obligation, it will, in the absence of

---

nature. (B) Seller has to his knowledge and recollection complied with all laws, rules and regulations of the applicable city, state, and federal governments. (C) Seller has not entered into any contracts, arrangements or agreements in relation to the said business other than those enumerated in the attached 'Schedule A.' (D) Seller has not entered into any contract to sell or mortgage all or any part of the said business, except as enumerated in the attached 'Schedule A.' (E) Seller has paid or will pay in full to the date of closing all withholding, sales, social security and unemployment taxes to the applicable city, state, and federal governments. (F) There are no judgments, actions, liens or proceedings outstanding against or pending against the business or the Seller in any court at the time of the closing. (G) There has been no recent cancellation of standing orders or back orders, no other substantial change in the economic status of said business, and none of the foregoing are anticipated or otherwise known or expected by Seller."

fraud, accident, or mistake, be conclusively presumed that the writing contains the whole of the agreement between them, and parol evidence of prior or contemporaneous conversations, representations, or statements will not be received for the purpose of adding to or varying the written instrument. *If such writing contains a warranty of some kind or to some extent, parol evidence will not be admitted to extend, enlarge, or modify that which the writing specifies. [Cits.]" Case Threshing Machine Co. v. Broach,* 137 Ga. 602 (1) (73 SE 1063) (1911). (Emphasis supplied.) Courts are not at liberty to revise contracts while professing to construe them. *Sasser & Co. v. Griffin,* 133 Ga. App. 83, 86 (2(a)) (210 SE2d 34) (1974) and cits.; *Smith v. Standard Oil Co.,* 227 Ga. 268 (1) (180 SE2d 691) (1971).

2. It was likewise error to instruct the jury to return a verdict in Kahn's favor for the full amount of the purchase price. Since this verdict was based upon inadmissible parol evidence that the purchase price agreed upon was $200,000, rather than $140,000 as recited in the valid written instrument, it was clearly invalid. Code § 38-501; see *General Acceptance Corp. v. Nix Ford, Inc.,* 107 Ga. App. 32 (2) (129 SE2d 202) (1962); *Contractors Mgt. Corp. v. McDowell-Kelley, Inc.,* 136 Ga. App. 116, 118 (4) (220 SE2d 473) (1975). Whether Kahn was owed anything under the employment contract, and if so, how much, does, however, present a fact question. It is elementary that a verdict may not be directed unless there is no conflict in the evidence and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict. Code § 110-104; CPA § 50(a) (Code Ann. § 81A-150(a)).

The testimony was contradictory as to whether the file cabinet removed by Kahn contained only his personal tax records or customer files constituting a valuable part of the business assets he had agreed to sell. It was undisputed that he failed to comply with the contractual requirement to transfer the protected use of the trade name "Fyr-Lyter." Accordingly there was a jury question as to partial failure of consideration. Code Ann. § 20-310; *Harden v. Lang,* 110 Ga. 392 (1) (36 SE 100) (1900); *Simpson v. McMillan,* 26 Ga. App. 280 (2) (105 SE 848)

(1910). Moreover, Stuckey and Johnson testified that they had derived little or no benefit from the contract beyond the amount already paid, and such failure of consideration may be shown as a complete bar to the action. *A. D. L. Sales Co. v. Gailey,* 48 Ga. App. 798 (7) (173 SE 734) (1934).

3. It follows that the trial court also erred in failing to give the appellants' requested charges on failure of consideration and parol evidence.

4. The jury verdict included an award of $51,500 in punitive damages. We conclude, however, that there was no evidence of fraud on the part of the appellants to authorize the judge's instructions to consider this award, and we do not find the contracts unconscionable. Kahn neither alleged nor proved that any misrepresentation or trickery prevented him from reading the contracts before signing them. He was an experienced businessman and a graduate of UCLA with a degree in engineering. "A party to a contract who has the capacity and opportunity to read a written contract and who signs it not under any emergency and whose signature was not obtained by any trick or artifice of the other party, cannot afterwards set up fraud in the procurement of his signature to the instrument. [Cit.]" *Granite Mgt. Services v. Usry,* 130 Ga. App. 667, 668 (204 SE2d 362) (1974); see also *Smith v. Standard Oil Co.,* 227 Ga. 268, supra, 272 (4).

5. The remaining enumerations are either without merit or unlikely to recur upon a new trial on the issues delineated herein.

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

ARGUED OCTOBER 4, 1976 — DECIDED NOVEMBER 12, 1976 — REHEARING DENIED DECEMBER 1, 1976 — ■

*Arnall, Golden & Gregory, Earnest H. DeLong, Jr., Cleburne E. Gregory, Jr.,* for appellants.

*Richardson, Chenggis & Constantinides, Robert P. Mallis,* for appellee.