57923. SUGARMAN v. SHAGINAW et al.

Carley, Judge.

Appellees, Shaginaw and others, filed a complaint on a promissory note against Hazelbrand Road Associates, a joint venture, as principal and named individuals as

sureties, alleging that the individual joint venturers were indebted to them severally in sums totaling $102,600. Appellant, Dr. Marvin Sugarman, was subsequently added as a party defendant and the complaint was amended to add a Count XIII. All plaintiffs and defendants filed motions for summary judgment and all motions were denied. We granted Dr. Sugarman's application for interlocutory appeal pursuant to Code Ann. § 6-701 (a) 2. The appeal presents a single issue of law: In view of documents executed by all appellees releasing Dr. Sugarman from any liability under the promissory note, is there any basis for asserting liability against Dr. Sugarman so as to preclude the entry of judgment in his favor as a matter of law?

The appellee lenders in 1973 made loans of sums totaling $229,000 to the joint venture. The indebtedness was evidenced by a note signed by the managing venturer. Each individual venturer, including Dr. Sugarman, signed an "Endorsement and Guaranty" on the note which recited:

"FOR VALUE RECEIVED, each of the following endorsers and/or guarantors do hereby respectively and severally endorse and guarantee payment of the within and foregoing note, provided, however, that the liability as to each such respective party shall not exceed an amount equal to 2 - 1/2 times the percentage indicated below of the principal balance of said note, together with interest thereon as provided in said note, and together with all costs of collection applicable to said principal amount. It is the intent of the endorsers and/or guarantors to guarantee 2 - 1/2 times the percentage of interest held by each of the undersigned in the Joint Venture set forth above. The percent of interest set forth below is the actual interest held by each of the undersigned in said Joint Venture."

Each member of the joint venture signed the "Endorsement Guaranty" and indicated his percentage of interest. Dr. Sugarman held a 5% interest which was so shown on the line bearing his signature. The agreement governing the joint venture was also executed by each member. The note was secured by a deed to secure debt signed for the joint venture by its managing venturer in

favor of the plaintiffs-appellees and other lenders.

The note contained a prepayment privilege, which was exercised by only one of the joint venturers, Dr. Sugarman, by his payment of 5% of the principal ($11,450), a prepayment interest penalty on the note and his pro rata share of the defaulted payment due the joint venture. In return for Dr. Sugarman's prepayment of his entire 5% share, each lender executed in his favor a "novation." These novations each provided in pertinent · part:

"Lenders do hereby novate, release, and discharge, Borrower [Dr. Sugarman] from *any and all liability* under the promissory note . ... The Novation set forth herein shall terminate *any and all liability* that the Borrower may have under the promissory note and deed to secure debt . . ." (Emphasis supplied.)

These novations were forwarded to each lender with a cover letter stating that "Dr. Marvin Sugarman, one of the venturers to whom you have loaned 5% of the total $229,000 note, has expressed his desire to pay his 5% share of the monies borrowed from you on August 15, 1973 . . . Your acceptance of the money and execution of the Novation agreement *will relieve Dr. Sugarman of all liability* on the note . . ." (Emphasis supplied.)

After Dr. Sugarman paid his share and was released the lenders filed suit against the remaining venturers for default on the principal sums due. Dr. Sugarman was not named as defendant until the defendant joint venturers filed defensive pleadings alleging that the release of Dr. Sugarman released them as well. Dr. Sugarman was then joined as a party defendant and the complaint was amended by adding Count XIII, which was based on the theory that all members were liable as partners in the joint venture. Thus, the appellees contend that the novations released Dr. Sugarman only from further liability as *endorser* of the promissory note and that he remains liable on the joint venture agreement.

It is agreed by all parties that the language of the promissory note is "plain and unambiguous" and that the document speaks "for itself and expresses the intentions of the parties." The novations unequivocally state in two places that Dr. Sugarman's liability is relieved as to "*any*

*and all"* liability on the note. The "Endorsement and Guaranty" of the note reveals that the endorsers are members, and *all* the members, of the joint venture, and affirmatively limits the liability of each endorser to "2 1/2 times the percentage of interest held by each of the undersigned in the Joint Venture set forth above."

Although the "Whereas" paragraphs in the novations recite that Dr. Sugarman desired to be relieved of any obligation under the endorsement and guaranty, it was *only* as an endorser that he could be liable on the loan and, in any event, "[t]he recital as to why the contract was being entered into will not control the operative part thereof." *Rosenberg v. Rosenberg,* 232 Ga. 725, 726 (2) (208 SE2d 824) (1974). It is obvious that had the parties intended to create a separate and distinct partnership liability there would have been no reason to limit liability of each venturer to an amount equal to 2 - 1/2 times his percentage interest in the venture, for each would have been individually liable for the full amount of the debt. Code Ann. § 75-206. And even so, the partners may make an alternative agreement as to liability by expressly so providing, which also negates the arguments raised as to the rights of the other venturers to obtain contribution. See *Johnson v. Townsend,* 192 Ga. 522, 525 (2c) (15 SE2d 790) (1941). Thus the note makes no preclusionary differentiation in status between endorsers and joint venturers.

Moreover, it is recognized by the Uniform Commercial Code that "[u]nless otherwise agreed where an instrument is taken for an underlying obligation . . . discharge of the underlying obligor on the instrument also discharges him on the obligation." Code Ann. § 109A-3—802 (1) (b). Here the novations expressly released Dr. Sugarman of any and all liability not only under the note but also under the deed to secure debt; and since the deed to secure debt was signed by the joint venture, the release on the deed could only relieve Dr. Sugarman of liability as a member of the joint venture. Had the novations been intended to release him solely as an endorser, there would have been no reason to relieve him of liability under the deed to secure debt.

Since the note shows that all venturers signed the

"Endorsement and Guaranty" thereon, the endorsement would be rendered purposeless if the note were held to impose partnership liability upon the members of the joint venture. Such a determination would be contrary to the rule that "that construction will be favored which gives meaning and effect to all the terms of the contract over that which nullifies and renders meaningless a part of the language therein contained." *Brooke v. Phillips Petroleum Co.,* 113 Ga. App. 742 (2) (149 SE2d 511) (1966); *Stuckey v. Kahn,* 140 Ga. App. 602, 605 (1) (231 SE2d 565) (1976).

"Absent a limiting statute or controlling public policy, parties may contract with one another on whatever terms they wish [cits.], and the written contract defines the full extent of their rights and duties. [Cit.] . . . [I]n Georgia there is no generally applicable rule of law forbidding one contracting party from waiving all recourse in the event of breach by the other. [Cit.] In the absence of a public policy question, parties may contract to waive numerous and substantial rights. [Cit.]" *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363, 368-369 (203 SE2d 587) (1973).

We find without merit appellees' argument that Dr. Sugarman is liable for the debt owed to the appellees by the joint venture not only because of his endorsement and guaranty of the note but also because he is a member of the joint venture. Although appellees attempt to assert a claim against the joint venture and all members thereof on the basis of the joint venture agreement itself, appellees were not parties to that agreement. Consequently, they derive no rights and incur no liability as a result thereof. The claims of appellees either against the joint venture or against any of its members exist because of and only because of the loan evidenced by the note. Since Dr. Sugarman has been released from his liability under the note, he has been absolved of all liability to the appellees.

*North Peachtree I-285 Properties v. Hicks,* 136 Ga. App. 426, 431 (4) (221 SE2d 607) (1975), relied upon by appellees, is distinguishable and does not require a contrary result. There, the appellant Schwartz, a general partner in a limited partnership, sought to avoid posting of a supersedeas bond and payment of a $348,285.95

judgment against him on a promissory note executed by the general partners. He alone of all the partners had attempted to restrict his partnership liability by inserting a provision in the promissory note which provided: " 'Notwithstanding anything herein to the contrary, the liability of Newton B. Schwartz hereunder and under the guaranty attached to this Note shall be limited to his interest in North Peachtree I-285 Properties, Ltd., and in the property of North Peachtree I-285 Properties, Ltd., and, in addition to his interest in said partnership and partnership property, One Hundred Thousand and No/100 Dollars ($100,000.00).' " *Hicks,* supra, 136 Ga. App. at 427.

This court disagreed with Schwartz' argument that his partnership liability was limited to $100,000 by that provision "for two reasons. One — a fair reading of that clause shows he attempted to limit his liability '*in addition to* his interest in said partnership and partnership property, [to] One Hundred Thousand and No/100 Dollars.' (Emphasis supplied.) The dollar limitation was to be in addition to his interest in the partnership and partnership property. The partnership has a substantial financial interest in the purchase of this realty, stated to be of a value of 'approximately five million dollars.' Although other parties may have prior and higher claim to the partnership assets, we cannot — at this time, say that the defendant Schwartz' interest in the partnership and its property would not amount to the sum included in the judgment over and above the $100,000 limitation.

"A second basis of liability is that defendant Schwartz was sued individually and as general partner. A general partner in a limited partnership has the same rights and liabilities of a partner in an ordinary partnership. Code Ann. § 75-410 (Ga. L. 1952, pp. 375, 378); Code § 75-103. *Co-op Mortgage Investments &c. v. Pendley,* 134 Ga. App. 236 (214 SE2d 572). To bind the assets of a partner, the partner must be served and have his day in court. *Flowers v. Strickland,* 10 Ga. App. 739, 740 (73 SE 1092). A judgment against the partnership binds the partnership property and the individual property of any general partners who by proper service are made parties

defendant in the action. Code § 75-312. Here the judgment was against the partnership and defendant Schwartz, both individually and as a general partner. As a co-signer on the promissory note he may have limited his liability, but as a general partner who was personally served he is also liable for the entire debt of the partnership. *Co-op Mortgage Investments &c. v. Pendley,* 134 Ga. App. 236, 239, supra." *Hicks,* supra, 136 Ga. App. at 432.

After careful analysis, we find totally unpersuasive appellees' argument that *Hicks* is authority for the proposition that Dr. Sugarman may have been released from any liability on the note but that he remained liable as a member of the joint venture. In *Hicks,* the indebtedness of the partnership — like the indebtedness of the joint venture in this case — was evidenced by a note and this court simply held that even if Schwartz limited his liability on the note as an individual co-signer, he remained liable as a partner for the entire debt *evidenced by the note.* In *Hicks,* Schwartz relied entirely upon the provision in the promissory note limiting his liability. Schwartz sought to reduce the amount of the judgment against him but, unlike Dr. Sugarman, did not contend that, prior to the commencement of the litigation, he had paid to the plaintiffs the amount which he admitted he owed. Thus, the crucial factor distinguishing this case from *Hicks* is that subsequent to the execution of the instrument sued upon and prior to default, the payees in the note (including all appellees) executed a document which was designated as a novation and which substantively constituted a release. By this document, Dr. Sugarman was released and discharged from "any and all liability under the promissory note . . ." Therefore, assuming arguendo that at one time Dr. Sugarman, individually, was liable on the note as a signatory of the guaranty *and* that he also was potentially liable on the note as a member of the joint venture, the subsequent execution of the release document unequivocally extinguished any liability which Dr. Sugarman — in any capacity — may have had on the note.

The presence here of the clear and unambiguous release of obligations under the note and its absence in *Hicks* demonstrates that decision to be inapposite. *Hicks*

does not support appellees' assertion that Dr. Sugarman has incurred, as a joint venturer, liability which is separate and distinct from his liability on the note. As above pointed out, we find no basis in the law for the imposition of any such liability.

Accordingly, Dr. Sugarman was entitled to judgment as a matter of law and the trial court erred in denying his motion for summary judgment.

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

ARGUED MAY 29, 1979 — DECIDED SEPTEMBER 5, 1979 —
REHEARING DENIED OCTOBER 5, 1979.

*Edward E. Dorsey, James C. Rawls,* for appellant.

*A. Mims Wilkinson, Jr., Julian B. McDonnell, Simmons, Pike, Martin, Warren & Szczecko, M. T. Simmons, Jr., Richardson, Chenggis & Constantinides, Morton, Humphries & Payne, William Porter Payne, Joel M. Merren, Frankel, Tanenbaum & Fink, William F. Clark, Arnall, Golden & Gregory, Edward S. Sams, M. H. Blackshear, Jr., Gershon, Ruden, Pindar & Olim, Max Olim,* for appellees.