63877. HOLCOMBE v. ENG.
63931. HOLCOMBE v. EPSTEN.

SOGNIER, Judge.
Holcombe sued Eng and Epsten on a note. Eng and Epsten pleaded release by reason of an earlier release by Holcombe of Dr. Marvin Sugarman (see *Sugarman v. Shaginaw,* 151 Ga. App. 621 (260 SE2d 731) (1979)), a co-guarantor of the note. On trial before a jury, the trial court granted a directed verdict in favor of Eng and Epsten, and Holcombe appeals.

The note was for the face amount of $229,000 and was payable in specific amounts to some of the members of a joint venture in the amounts lent by such members to the joint venture for purposes of a down payment on certain real estate. The note was executed by the payor, the managing venturer of the joint venture, Hazlebrand Road Associates. Holcombe lent the joint venture $20,000. All of the joint venturers, including lenders and nonlenders, executed an endorsement and guarantee of the note but each limited their respective guarantee to an amount not to exceed two and one-half times a percent of the principal balance due on said note plus interest thereon. The percentage of the face amount of the note was based on the signers' respective interests in the joint venture. Epsten and Eng (who were guarantors but not lenders) each had a five percent interest in the joint venture. Therefore, each was responsible to the lender, Holcombe, for $2,375 plus interest and attorney fees, this being based on five percent of the note ($20,000 in this particular

instance) less the $1,000 previously paid by Dr. Sugarman. Holcombe's suit is based solely on his separate interest of $20,000 in the note.

Appellant contends that the trial court erred in directing a verdict against him. Appellees argue that the release of Dr. Sugarman by Holcombe acted to discharge Eng and Epsten as co-guarantors.

It is undisputed that Dr. Sugarman was a co-guarantor of the note along with Epsten and Eng and that Dr. Sugarman was released from all obligations by the payment of the amount then due on the note by him. See *Sugarman v. Shaginaw,* supra. Epsten and Eng's endorsement and guarantee of the note was limited as were all of the guarantees. We are well aware of the long standing rule urged by appellees that " 'any novation without the consent of the surety, or increase in risk, discharges the surety. Code §§ 103-202, 103-203' *Palmes v. Southern Mechanical Co.,* 117 Ga. App. 672, 673 (161 SE2d 413). The same rule of law applies to a guarantor. *Evans v. American Nat. Bank &c. Co.,* 116 Ga. App. 468 (157 SE2d 816)." *Dunlap v. C & S DeKalb Bank,* 134 Ga. App. 893, 895 (216 SE2d 651) (1975). This rule is based on the rationale that such a release causes injury or impairment to the obligation of the co-maker or co-guarantor. The injury generally arises because the co-guarantor is both jointly and severally liable on the entire note.

In the instant case we have a different situation. Although the note in question is jointly guaranteed, each guarantor has specifically *limited* his liability thereon to *his own interest.* Under these circumstances, there can be no injury to Eng and Epsten by the release of Sugarman.

The statutory provision which usually applies to guarantors is Code Ann. § 109A-3—606 (1) (a): "Impairment of recourse or of collateral. (1) The holder discharges any party to the instrument to the extent that without such party's consent the holder (a) without express reservation of rights releases or agrees not to sue any person against whom the party has to the knowledge of the holder a right of recourse or agrees to suspend the right to enforce against such person the instrument or collateral or otherwise discharges such person, except that failure or delay in effecting any required presentment, protest or notice of dishonor with respect to any such person does not discharge any party as to whom presentment, protest or notice of dishonor is effective or unnecessary. . ." However, we find that this statutory provision does not apply to either Eng or Epsten since all of the joint venturers have expressly limited their interest and liability in the entire transaction. See *Twisdale v. Ga. Railroad Bank,* 129 Ga. App. 18, 20 (198 SE2d 396) (1973).

Appellees contend that since they were also makers of the note

as joint venturers and represented in the execution of the note by the managing venturer of the joint venture that their partnership liability has no limitation. Consequently, they have been released with the release of Sugarman. This argument was also raised in *Sugarman v. Shaginaw,* supra and on page 624 Judge Carley correctly disposed of this contention: "Since the note shows that all venturers signed the 'Endorsement and Guaranty' thereon, the endorsement would be rendered purposeless if the note were held to impose partnership liability upon the members of the joint venture. Such a determination would be contrary to the rule that 'that construction will be favored which gives meaning and effect to all the terms of the contract over that which nullifies and renders meaningless a part of the language therein contained.' *Brooke v. Phillips Petroleum Co.,* 113 Ga. App. 742 (2) (149 SE2d 511) (1966); *Stuckey v. Kahn,* 140 Ga. App. 602, 605 (1) (231 SE2d 565) (1976)."

The trial court erred in directing a verdict in favor of appellees. *Judgments reversed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 7, 1982.

*M. H. Blackshear, Jr.,* for appellant.
*Joel Marc Merren,* for appellees.