65714. DAPRANO et al. v. SHERWIN-WILLIAMS COMPANY.

SOGNIER, Judge.

The Sherwin-Williams Company sued First Award Homes, Inc. on an account and William and Judith Daprano as guarantors of the account. The defendants answered and defended on the ground that there had been a material alteration in the contract of guaranty. The trial court granted Sherwin-Williams' motion for summary judgment as to William Deprano and First Award Homes, Inc., but found that a question of fact remained as to the liability of Judith Daprano. William Daprano appeals.

Appellant contends that the trial court erred in granting summary judgment in favor of Sherwin-Williams as to him because the contract of guaranty upon which his liability is based was materially altered after he signed it, i.e., Judith Daprano's signature was added to the document after it was delivered to appellee. Appellant introduced evidence by way of affidavits that the signature on the guaranty was not Judith Daprano's and that a witness to the document did not witness Judith Daprano's signature. Whether or not Judith Daprano is found to be a guarantor, the issue, as framed by appellant, is whether the addition of a co-guarantor after execution of the contract is a material change in the contract which discharges the appellant.

The distinction between a suretyship and guaranty has been abolished, and "[s]ureties, including those formerly called guarantors, are jointly and severally liable with their principal unless the contract provides otherwise." OCGA § 10-7-1 (Code Ann. § 103-101). In the instant case the contract provides: "In consideration of the extension of credit by The Sherwin-Williams Company . . . to First Award Homes Inc. . . . , I (and, if more than one, each of us jointly and severally) hereby absolutely and unconditionally guarantee payment at maturity . . ." for merchandise purchased by First Award Homes. In addition, the contract provides: ". . . and this guaranty

shall not be affected by the acceptance by the Company of partial payments nor by the receipt of other guaranties or security." Thus, the contract contemplates more than one guarantor to be jointly and severally liable and the addition of other guaranties.

Appellant argues that a contract of suretyship is one of strict law, and any change in the terms of the contract without his consent discharges him from his obligation. OCGA § 10-7-3 (Code Ann. 103-103); *Dunlap v. C & S DeKalb Bank,* 134 Ga. App. 893 (216 SE2d 651) (1975). See also *Holcombe v. Eng,* 163 Ga. App. 343, 344 (294 SE2d 568) (1982). The terms of the contract as to appellant in the instant case would not have been altered by adding a co-guarantor; he remained jointly and severally liable. Nor would there be any increase in the risk to appellant if a co-guarantor were added. See *Farmer v. Peoples American Bank,* 132 Ga. App. 751, 753 (209 SE2d 80) (1974). " 'Cosureties are those who are called upon as among themselves on a contract of suretyship for the same debtor and for the same debt . . . This is true although they become sureties at different times without negotiating with each other, and each without knowledge that the other has intended to enter that relation' . . . It may be reasonably presumed that one who signs a note as surety is willing for others, even without his knowledge, to become cosureties with him." *Taff v. Larey,* 29 Ga. App. 631, 635 (116 SE 866) (1922).

There was no error in the trial court granting summary judgment in favor of Sherwin-Williams against William Daprano.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JUNE 6, 1983.

*John M. McCarter,* for appellants.
*M. Alvin Levy, D. Merrill Adams,* for appellee.