70728. WILLIS et al. v. NATIONAL BANK OF GEORGIA.
(334 SE2d 917)

BIRDSONG, Presiding Judge.

Collection of Collateral on Promissory Note. Warner Willis as an individual and on behalf of Tri-II, Inc. (a corporation) executed a promissory note in the amount of $23,000 to The National Bank of Georgia. This apparently was the last or at least one of several promissory notes executed by Willis on behalf of the corporation. From the transcript, it appears that Willis' mother pledged some four certificates of deposit to cover the several notes (apparently there were a total of four notes executed). Three of the notes apparently had become delinquent prior to the delinquency of the last (or the $23,000) note.

The National Bank of Georgia earlier had cashed three of the four certificates of deposit in order to satisfy the three promissory notes. For all practical purposes, Willis enters no objection to the fact that these three delinquent notes were satisfied from the proceeds of three of the mother's four certificates of deposit. By the time the fourth note became delinquent (the note in the amount of $23,000), there apparently remained only one certificate and that in the amount of $18,700. The bank appropriated the proceeds of this CD which affirmatively had been pledged as collateral for the promissory note and realized a $5,326.06 short fall. Upon demand for the deficiency, Willis declined to pay more than had been pledged by the CDs. The bank then brought suit and sought the deficiency, interest and attorney fees, all as provided in the promissory note.

After a trial on the issue, the court entered judgment for the bank in accordance with its prayer. Willis filed for j.n.o.v. and for a new trial, both of which were denied by the trial court. The basis of the motions as well as for this appeal is that the four CDs pledged by Willis' mother amounted to $86,059 (not including earned interest)

whereas the total indebtedness of the four promissory notes was only $86,000. Thus in effect, Willis complains that the bank has already been fully satisfied and the additional funds sought as deficiency and interest and attorney fees are unconscionable and subject in effect to a defense of accord and satisfaction. *Held*:

The first predicate for Willis' contention is that the seizure of the collateral in satisfaction of the indebtedness is a transaction governed by the Uniform Commercial Code and more particularly the Secured Transactions Sales of Accounts provisions, OCGA § 11-9-104. Willis argues because the seizure and cashing of the CDs was subject to the UCC, the bank was required to establish that it acted in a "commercially reasonable manner." It is Willis' contention that the bank did not show this by evidence of record.

We reject this facet of Willis' argument. During the trial of the issue before the court acting without jury, both Willis' attorney and the bank's witness agreed that the CDs amounted to and were funds on deposit with the bank. OCGA § 11-9-104 (j) clearly provides that the secured transactions chapter does not apply to a transfer of an interest in any deposit account. Thus the UCC requirement of a sale conducted in a "commercially reasonable manner" does not apply. Irrespective of this conclusion, it is equally clear that the trial court made an express finding that the testimony of the bank's witness upon examination and cross-examination showed the transaction was conducted in the normal conduct of business and was indeed in a commercially reasonable manner.

In further pursuit of the argument that the bank did not act in a prudent manner, Willis contends the bank should have held the CDs until maturity when the principal plus added interest would have been substantially more than the cumulative total of the four notes. The basis of this contention is that one injured by a breach of contract must "lessen the damages as far as is practicable by the use of ordinary care and diligence." OCGA § 13-6-5.

No evidence was offered during the trial by either the bank or the debtor as to the length of time required for the CDs to mature, nor how long the bank had held the CDs, the interest rate, nor the accrued value of the CDs when cashed. There was evidence offered that Willis and indeed any such holder would suffer loss in both interest and principal because of the premature encashment, a normal occurrence. Thus no credible or relevant evidence was offered to establish that the deficiency or the indebtedness itself could have been satisfied had the CDs been held to maturity. Some evidence is required to raise such an issue. *Considine Co. v. Turner Communications Corp.*, 155 Ga. App. 911 (3) (273 SE2d 652). Moreover, the terms of the promissory note itself would have to be rewritten if the creditor was required to hold collateral designed to protect the loan

until a more favorable situation came into existence. The note authorized the creditor to use the collateral to *protect* the indebtedness at the time of default or endangerment of the indebtedness, not at some time more favorable to the debtor. We are not at liberty to revise a contract under the guise of construing it. *Stuckey v. Kahn*, 140 Ga. App. 602, 606 (231 SE2d 565). The trial court did not err in denying the motions for j.n.o.v. or new trial nor in entering the deficiency in favor of the bank.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur. Banke, C. J., disqualified.*

DECIDED SEPTEMBER 12, 1985.

*Glenville Haldi*, for appellants.
*Wayne C. Crowe, M. Douglas Mann*, for appellee.