## 72991. DESIGN SPECTRUM, INC. v. FIRST NATIONAL BANK OF ATLANTA.
### (355 SE2d 733)

Benham, Judge.

Appellant Design Spectrum, Inc. sued appellee First National Bank of Atlanta ("Bank"), contending the bank had wilfully and wantonly converted funds deposited in Design Spectrum's checking account with the bank. This appeal follows the grant of partial summary judgment to the bank.

In 1981, when Design Spectrum opened a checking account with the bank, appellant's president signed a commercial checking account signature card contract. The signature card contract stated, in pertinent part: "The bank is hereby granted a security interest and a lien for the payment of all indebtedness at any time now or hereafter owing to it by the depositor . . . in all property left with the bank, whether nor or heretofore or hereafter deposited in this account, . . . and the bank may at any time, without demand or notice, appropriate and apply any of such toward the payment of any obligation or liability owing to the bank, matured or unmatured." Appellant became indebted on an open account to another corporation with which it did business. When that corporation defaulted on a promissory note held by appellee bank, the bank was assigned the corporation's accounts receivable, including the account owed by appellant to the other corporation. Appellant made several payments on the account to appellee, but refused to pay the balance appellee stated was due. In response to appellant's refusal to pay, the bank removed nearly $6,000 from appellant's checking account to satisfy appellant's outstanding obligation to the bank. Appellant contended appellee's action amounted to conversion of appellant's funds; appellee maintained that the checking account signature card contract authorized the bank to take the action. In granting partial summary judgment to the bank, the trial court ruled the signature card contract to be a conscionable and enforceable contract and that the bank had the contractual right to set off appellant's checking account for appellant's debt.

A bank may use a depositor's funds on deposit with the bank to satisfy a matured debt the depositor owes the bank. *Aiken v. Bank of Ga.*, 101 Ga. App. 200 (2) (113 SE2d 405) (1960). A bank and its depositor may contractually agree that the bank may use funds on deposit to pay unmatured obligations owed the bank by the depositor. *First Nat. Bank of Gainesville v. Appalachian Indus.*, 146 Ga. App. 630 (4) (247 SE2d 422) (1978). It is not necessary that the bank be the original creditor of the outstanding debt to exercise its right of set-off, as long as it is the creditor at the time of exercise. See *Greene v. C & S Bank of Cobb County*, 134 Ga. App. 73 (213 SE2d 175) (1975).

Appellant argues that the signature card contract creates a security interest and lien rather than the right of set-off, thereby requiring adherence to Article 9 of the Uniform Commercial Code, OCGA § 11-9-101 et seq. Appellant is correct in its assertion that a security interest differs from a right of set-off: " '[a] right of set-off is not a security interest . . . A bank's right to set-off against a depositor's account is often loosely referred to as a "banker's lien," but the "lien" usage has never led anyone to think that the bank held a security interest in the bank account.' " *Continental American Life Ins. Co. v. Griffin*, 251 Ga. 412, 413-14 (306 SE2d 285) (1983). However, the fact that appellee's account signature card contract created a security interest in or a lien on appellant's account instead of a right of set-off does not affect the ability of the bank to take the action it did. "OCGA § 11-9-104 (j) clearly provides that the secured transactions chapter [Article 9] does not apply to a transfer of an interest in any deposit account." *Willis v. Nat. Bank of Ga.*, 176 Ga. App. 15, 16 (334 SE2d 917) (1985). Inasmuch as appellant's checking account is a "deposit account" as that term is defined in Article 9, OCGA § 11-9-105 (1) (e), the strictures of Article 9 were not applicable to appellee's appropriation of appellant's account. Appellant's argument as well as its appeal must fail.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur. Beasley, J., disqualified.*

DECIDED MARCH 13, 1987 —
REHEARING DISMISSED APRIL 1, 1987.

*Andrew R. Kirschner*, for appellant.
*Leslie A. Dent, Richard M. Kirby*, for appellee.