A95A2082. SCHAFFER v. CITY OF MARIETTA.
(469 SE2d 479)

ANDREWS, Judge.

The City of Marietta brought this interpleader action to determine who was entitled to Howard Schaffer's retirement benefits after his death. His widow, Virginia Schaffer, contends the survivor's benefits are payable to Howard Schaffer's estate, and his brother, Bud Schaffer, claims he is the beneficiary. After a bench trial, the court found Mrs. Schaffer, as remainder beneficiary under the will, was entitled to the benefits, and Bud Schaffer appeals.

The underlying facts in this case are undisputed. Howard Schaffer, as an employee of the City of Marietta, participated in a retirement program called the Joint Municipal Employees Retirement System ("JMERS"). Under this program, if a participant died before retirement, the employee's designated beneficiary would still receive a monthly retirement benefit. Howard Schaffer initially designated his wife as the beneficiary. But, his wife died before Schaffer retired, and Schaffer filled out a "Request for Change of Name, Address, or Beneficiary Prior to Retirement" form, designating his brother Bud as the beneficiary.

On July 1, 1977, Howard Schaffer retired. At the time of his retirement, Schaffer was required to fill out an "Application for Retirement" form and elect among four different plans for his retirement. Schaffer chose Plan A which provided that he would receive the maximum allowance payable to him during his lifetime. The form explained that, under this plan, all benefits would cease at his death, and there would be no benefits payable to any joint annuitant or beneficiary. Section II of the form provided a space for the designation, in accordance with the plan elected, of a joint annuitant or beneficiary to whom any accrued benefits would be payable in the event of the participant's death in retirement. Schaffer wrote "N/A" in that space.

In 1988, the City of Marietta, pursuant to a District Court order, extended survivor's benefits to all employees retiring prior to January 1, 1984, regardless of the plan chosen at the time of retirement. In April 1990, Schaffer married Virginia Morell, and executed a will leaving her the bulk of his estate. Schaffer died in 1992, without hav-

ing designated a beneficiary for the survivor's benefits.

At trial, Virginia Hankerson, the benefits manager for the City of Marietta, testified that, at retirement, the employee was given the opportunity to name a beneficiary, and whatever beneficiary he designated at that time could not be changed.

The trial court found the Application for Retirement form served as a revision to the Request for Change of Name, Address or Beneficiary Prior to Retirement form. The court held that Schaffer did not intend to designate a beneficiary on his Application for Retirement. Accordingly, the funds were payable to Schaffer's estate. Since Schaffer's will names Virginia Schaffer as the remainder beneficiary, the court held she was entitled to the retirement benefits.

Bud Schaffer appeals, contending the beneficiary named to receive benefits should the employee die before retirement, remained the beneficiary unless the designation was changed prior to retirement. He contends that writing N/A in the space reserved for beneficiary did not *change* the name of the beneficiary. We disagree.

1. While there is no case law on point, the Georgia Supreme Court has held that provisions of municipal retirement plans will be strictly construed and the rights of the parties will be determined under the law of contracts. See *Nash v. Tinch*, 235 Ga. 654, 655 (221 SE2d 425) (1975). Where the terms of a contract are susceptible of more than one meaning, the fundamental rule of contract construction is to give them the meaning which will best carry out the intent of the parties. *Brooke v. Phillips Petroleum Co.*, 113 Ga. App. 742, 744 (2) (149 SE2d 511) (1966). In doing this we must look at the instrument as a whole and consider it in light of all the surrounding circumstances. *Brooke*, supra at 744. Thus, the favored construction will be that which gives meaning and effect to all the terms of the contract over that which nullifies and renders meaningless a part of the document. *Brooke*, supra at 744.

Accordingly, looking at the Application for Retirement, it is clear that in electing Plan A, it was Schaffer's intent to have the maximum payout of benefits during his lifetime, and, in accordance with the instructions on the form, his intent also was to not designate anyone as beneficiary. The trial court correctly found that this revised or superseded his designation of his brother to receive benefits prior to retirement. Further, as the parties do not dispute that in the event no beneficiary is named, the survivor's benefits are payable to Schaffer's estate, the trial court correctly held that the survivor's benefits became part of the estate.

2. Bud Schaffer also objects to the introduction into evidence of Howard Schaffer's will, contending that it was irrelevant since the trial court could only find that the benefits were payable to the estate. We agree. But, this was a bench trial, and the error, if any, was harm-

less and could not affect the outcome. Indeed, when the judge sits as the trier of fact, it is presumed that she will consider only legally admissible evidence. *Daniels v. State*, 211 Ga. App. 23, 25 (438 SE2d 99) (1993).

Bud Schaffer also objects to language in the trial court's order which states the benefits are payable to Virginia Schaffer as remainder beneficiary under the will, instead of as executor of the estate. Since the trial court's order correctly finds the benefits became part of the estate, and since Virginia Schaffer stipulates she does not object to the funds being paid into the estate, we need not address this issue.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 28, 1996.

*Donald F. DeFoor*, for appellant.

*Edwards, Friedewald & Grayson, James W. Friedewald, Haynie & Litchfield, Douglas R. Haynie, Emilie K. Petrovich*, for appellee.