### 2287.  LAMAR-RANKIN DRUG CO. *v.* COPELAND.

1. No inference authorized by the evidence or a lack of evidence warranted the verdict rendered. A finding in favor of the plaintiff was demanded by the uncontradicted evidence, and for that reason the verdict was contrary to law.

2. Where a partnership composed of two members is sued and only one of the partners is served, and judgment is rendered against the partnership and against that partner individually who was served, the partner not served is still liable to be sued individually, though there may have been no return of non est inventus as to him. As to the individual served, the partners stand as though no judgment had been rendered in the suit upon the account to which they were both parties, and the fact that no return of non est inventus was made as to the defendant on whom no service was perfected did not operate so as to create a merger of his liability into the first judgment.

3. Reasonably construed, the answer to the cross-interrogatory was responsive thereto, and the statement as to the account sued upon was more than a conclusion of the witness. It appearing that only one account was mailed by him to the justice of the peace, and the justice having testified to having received only one account, the testimony objected to was a pertinent circumstance to be considered by the jury, and should not have been excluded.

Complaint; from city court of LaGrange—Judge Harwell. October 20, 1909.

Submitted February 22,—Decided April 6, 1910.

*E. T. Moon,* for plaintiff.

*E. A. Jones, Hatton Lovejoy,* for defendant.

RUSSELL, J.  Lamar-Rankin Drug Company brought a suit in the city court of LaGrange, asking judgment against O. F. Copeland as a partner in the Hogansville Bottling Works, a firm composed of B. R. Williams and O. F. Copeland, upon an account. The petition alleges, that the firm became indebted to the petitioner in the year 1908; that suit was filed on the account against the firm, and that Williams was served, and Copeland was not served; that judgment was rendered against the firm and against Williams, and that, Copeland not having been served, no personal judgment was rendered against him; that there are no partnership assets, and that Williams is insolvent.

1, 2. The suit was authorized by the ruling of the Supreme Court in *Ells* v. *Bone,* 71 *Ga.* 466. As Justice Hall pointed out in that case, so in this case it is true that while at common law the liability of Copeland would have been merged in the first judgment, yet in Georgia no such judgment would bind a member of the part-nership who was not served, and the prior judgment binding the partnership assets and the individual assets of the partners served would not effect a merger therein of the liability of the partner not served, though there may not have been a return of non est inventus as to him. It is conceded that Copeland would be liable in this suit if the indebtedness of the partnership had been proved in the former suit, and if it had been made to appear that the same ac-count was there sued on as is involved in the case at bar. He contends, however, that the verdict in his favor was the proper termination of the present case, because, it is insisted, the plaintiff failed to prove the essentials which would have entitled it to recover against the partner not served in the former suit. In his answer he denied that he was a partner in the firm known as the Hogansville Bottling Works, and alleged to be composed of Williams and himself, and also averred that he was not indebted to the plaintiff in any amount, either individually or on account of his membership in the firm. There was evidence that he was a partner in the firm, and this evidence was not contradicted in any way. It being proved, then, that he was a member of the firm, we come to consider whether the plaintiff's claim against the partner-ship was proved. Two witnesses testified, without being contra-dicted, that the partnership known as the Hogansville Bottling Works bought the goods which were the subject-matter of the ac-count, received them, used them, and got the benefit of them. It may therefore be safely asserted that the indebtedness of the part-nership to the plaintiff was proved. The next question to be de-termined is whether it was satisfactorily established that the ac-count sued upon was the identical account upon which the former suit against the partnership and Williams was based. We think the evidence amply sufficient to prove that the account now in question was identical with the account which was the subject-mat-ter of the suit against the partnership in the justice's court, and that, therefore, under the ruling in *Ells* v. *Bone,* supra, the plain-tiff was entitled to a verdict in its favor. In the first place, the

allegation of the plaintiff's petition, that suit was filed in the justice's court upon the same account, against the firm, is not denied. This of itself would ordinarily seem to be sufficient, under the well-established rule that statements in the plaintiff's petition which are not denied need not be proved. In addition, however, the following circumstances would seem to be sufficient (especially when none of them are denied or explained by testimony) to have required a verdict in favor of the plaintiff. B. R. Williams testified, that this was the only account which the Hogansville Bottling Works owed the plaintiff, that he himself received the goods, and that in his opinion the account upon which judgment was asked against Copeland as a partner was the same account as that sued in the justice's court. The justice of the peace testified that it was the same account, as well as he could remember, and the judgment rendered in the justice's court was for the same amount as that for which judgment was asked in the case now before us. Each suit was for $65.87. The defendant introduced no testimony to dispute this. It is a significant circumstance, and unexplained by the defendant, that the amounts were identical. This being true, and there being no denial of the testimony to the effect that the partnership (if one existed) owed but one account to the plaintiff, it follows that no other inference could have been drawn from the testimony of the shipping clerk (if it had been admitted) that he only forwarded one account to the justice of the peace; and when this is taken in connection with the statement of the justice of the peace that he received only the account upon which the suit in the justice's court was based, the finding that the account now before us is the same as that upon which judgment was rendered in the justice's court was demanded. Any verdict to the contrary was contrary to law, because it had no evidence to support it. In the letter which appears in the record, the defendant virtually admitted owing the account. We are loath to set aside the verdict of the jury in any case, and have no jurisdiction to do so if there is any evidence to support their finding. But when, in a case like this, the evidence offered does not suggest a single inference to support the verdict rendered, the finding is contrary to law, and must for that reason be set aside.

3. The court should have admitted the testimony which was excluded upon the motion of the defendant's counsel. The de-

fendant's attorney objected to an answer of a witness for the plaintiff, as to the identity of the accounts, on the ground that it was a conclusion of the witness, as the evidence showed that the witness was not at Hogansville, where the case was tried. It was not necessary for the witness to have been at Hogansville, in order to know whether the account was the same as that involved in the former suit. The witness testified that the two accounts were the same, and that he was not at Hogansville. But no other inference is sustainable than that he sent the identical suit to the magistrate. Another objection to the testimony was argued in this court, but it does not appear that it was insisted on before the lower court. The only objection made in the court below was that this testimony was merely a conclusion of the witness; but in view of the testimony of the justice of the peace who docketed the former suit, only one account could have been sent.        *Judgment reversed.*