26163. WILBY, executrix, *v.* McRAE.

Decided July 3, 1937.

*James K. Rankin, Charles S. Reid,* for plaintiff.
*Hendrix & Buchanan, Clifford Hendrix,* for defendant.

Stephens, P. J. 1. Where a defendant in attachment has not been served personally with notice of the pendency of the attachment, has not appeared and made defense, and has not given bond and security to replevy the property attached, the judgment on the attachment shall bind only the property attached, and shall be entered only against such property, whether the property is attached by levy or by summons of garnishment. Code, § 8-901.

2. The judgment reading as follows is a general judgment for the plaintiff against the defendant in attachment, and is not a judgment limited to and binding only the property attached, which was attached by service of summons of garnishment: "Judgment in attachment is hereby rendered in favor of Myrtle Gleason Wilby, as executrix of the estate of G. R. Wilby, deceased, plaintiff in attachment, against M. C. McRae, defendant in attachment, for the sum of $2900 principal debt, and $215 interest, and $—— costs. It being made to appear that the garnishee, Gulf Refining Company, has heretofore answered subject to this attachment a sum of money greatly in excess of the amount of said judgment, and that said defendant in attachment has heretofore dissolved the garnishment proceedings in said case by depositing with the clerk of this court a sufficient sum of money as a cash bond to satisfy the said judgment rendered herein, it is therefore further ordered and directed that the clerk of said court pay over to said plaintiff in attachment a sufficient sum of said fund to satisfy the said judgment, after all costs have been paid." The judgment is a general judgment in a designated amount, with direction to the clerk of the court to pay to the plaintiff in attachment, out of a designated fund in his hands in excess of the amount of the judgment, a sum sufficient to satisfy the judgment. The judgment is not a judgment limited to and binding only the property so designated in the hands of the clerk of the court.

3. "In attachment, not until after there has been rendered such final judgment as the law provides for, is it too late to appear and plead. A general judgment against the defendant in personam, where only a special judgment against the property was authorized, is not absolutely final, and does not exclude subsequent appearance and the filing of a plea." *Kimball* v. *Nicol,* 58 *Ga.* 175. See also *Carithers* v. *Venable,* 52 *Ga.* 389.

4. The motion of the defendant in attachment that the verdict and judgment be set aside on the ground that the judgment was illegal and void in that it was a general judgment rendered where the defendant had not appeared and pleaded, had not given bond and security to replevy the property attached, and had not been personally served with notice of the pendency of the attachment, set out a valid ground for setting aside the verdict and judgment.

5. The defendant's motion to set aside the verdict and judg-

ment on the ground that they were rendered as a result of fraud perpetrated by the plaintiff on the defendant, was amendable by alleging that the verdict and judgment were illegal in that the judgment was a general judgment, and not a judgment limited to and binding only the property attached. The court did not err in allowing the amendment.

6. The court did not err in overruling the plaintiff's demurrer to the defendant's motion to set aside the verdict and judgment.

7. The judgment setting aside the verdict and judgment in attachment against the defendant, and giving the defendant an opportunity to file a plea to the plaintiff's suit in attachment, was authorized.

*Judgment affirmed. Sutton and Felton, JJ., concur.*