37670. BROOME *et al.* v. GRAHAM.

Decided June 9, 1959.

684

*Leonard S. Counts,* for plaintiffs in error.

*W. C. Fleming, T. Reuben Burnside,* contra.

TOWNSEND, Judge. 1. Assuming the fact most favorable to the defendant in error that the designation of the defendants as "B. D. Ross, H. B. Broome and L. C. Broome d/b/a Ross Trucking Company" imports a partnership, and that the evidence on the original trial supported this proposition, and assuming further in favor of the defendant in error, since the record does not positively refute it, that Ross, who is not a party to the motion to vacate, was properly served or did make an appearance or otherwise subject himself to the jurisdiction of the court, such service would bind all of the assets of the partnership, and all of the assets of the partner who was served or made an appearance, but would not bind the individual assets of the remaining partners unless they were individually served or otherwise brought themselves within the jurisdiction of the court. Code § 75-312; *Lamar-Rankin Drug Co. v. Copeland,* 7 *Ga. App.* 567 (2) (67 S. E. 703) ; *Warren Brick Co. v. Lagarde Lime & Stone Co.,* 12 *Ga. App.* 58 (2) (76 S. E. 761).

An attachment proceeding, when there is no personal service, is strictly in rem, and binds only the property upon which the attachment is levied. "When the defendant has given bond and security, or when he has appeared and made defense by himself or attorney at law, or when he has been cited to appear, the judgment rendered against him in such case shall bind all his property and shall have the same force and effect as when there has been personal service, and execution shall issue accordingly, but it shall be first levied upon the property attached. In all other cases the judgment on the attachment shall only bind the property attached, and the judgment shall be entered only against such property." Code § 8-901. The

"citation" referred to in this section is the one contained in Code § 8-602. *Henry* v. *Lennox-Haldeman Co.*, 116 *Ga.* 9, 11 (42 S. E. 383). As therein stated, "According to the plain provisions of the Code, in no other way is a proceeding by attachment converted into a suit authorizing a general judgment in personam." Code § 8-602 provides: "The plaintiff, his agent, or attorney at law may give notice in writing to the defendant of the pendency of such attachment and of the proceedings thereon, which shall be served personally on the defendant by the sheriff, his deputy, or a constable of the county to which said attachment is returnable, by giving him a copy of said notice at least 10 days before final judgment on said attachment, and returning said original notice with his service entered thereon to the court in which said attachment is pending, which being done, the judgment rendered upon such attachment shall have the same force and effect as judgments rendered at common law." The plaintiffs in error here were not personally served with notice of the pendency of the attachment, did not appear and defend, and did not give bond and security to replevy the property attached. An in personam judgment against them was accordingly erroneous, and a motion to set such judgment aside was a proper proceeding on their part. *Wilby* v. *McRae*, 56 *Ga. App.* 140 (1, 5) (191 S. E. 662).

The trial court erred in denying the motion of the plaintiffs in error to set aside the judgment in so far as it was a general judgment against them.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*