## 51030. CONTRACTORS MANAGEMENT CORPORATION et al. v. McDOWELL-KELLEY, INC.

STOLZ, Judge.

McDowell-Kelley, Inc. (Kelley) brought this action against Merit Development Company (Merit), as property owner, and against Contractors Management Company (Contractors), as general contractor, to recover for labor and materials furnished to improve Merit's property. At the close of the plaintiff's evidence, the defendants moved for a directed verdict, which was denied. Since the

defendants offered no evidence, the plaintiff then moved for a directed verdict, which was granted by the trial court. After judgment was entered on the verdict, the defendants moved to set aside the verdict and grant a new trial, which motion was denied. A notice of appeal was filed; the plaintiff seeks to dismiss the appeal based upon the defendants' failure to appeal from or to enumerate as error, the ruling on the motion to set aside the verdict and grant a new trial.

1. In line with its directive that appeals be decided on their merits and not dismissed (Code Ann. § 6-905, Ga. L. 1965, pp. 18, 40), the Appellate Practice Act provides that "[w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." Code Ann. § 6-809 (Ga. L. 1968, p. 1072).

In their notice of appeal, the appellants specified that they appeal from "the judgment entered in this action on January 20, 1975. . . Motion for a new trial was filed on January 24, 1975, and overruled on April 25, 1975." The appellants enumerate as error the trial court's denial of their motions to dismiss and for a directed verdict, the admission of certain testimony, and the direction of a verdict in favor of the plaintiff.

It is quite clear which judgment and errors are being subjected to review. Since the enumeration of errors is deemed to include all judgments necessary to determine the appeal, it is no longer necessary to appeal from the denial of motions for judgment n.o.v. or for a new trial. With the adoption of Rule 14 (e) by this court in 1972, the rule of *Hill v. Willis,* 224 Ga. 263 (4) (161 SE2d 281) has been superseded.[1] See also *Checker Cab Co. v. Fedor,* 134

---

[1]*Hill v. Willis* held that where enumerations of error occur during a trial and are ruled on in a motion for a new

Ga. App. 28 (213 SE2d 485); *Echols v. State,* 134 Ga. App. 216 (213 SE2d 907); *Slay v. Brady,* 126 Ga. App. 249 (190 SE2d 445). Appellants' notice of appeal and enumeration of errors are sufficient; the motion to dismiss the appeal is denied.

2. The appellants first enumerate as error the denial of their motion for a directed verdict on the issue of liability. This claim of error is deemed to have been abandoned, having been supported neither in the brief nor in argument. Court of Appeals Rule 18 (c) (2). Code Ann. § 24-3618 (c) (2).

3. The appellants assign further error in the denial of their motion to dismiss for failure to join Daniel Cooper, one of Merit's three partners. This contention is without merit. Service upon some members of a partnership binds the assets of the partnership and the individual assets of those partners upon whom proper service of process was made, although it does not bind the assets of a partner who has been improperly served and consequently dismissed from the suit. See *Losito v. Gingo,* 107 Ga. App. 840 (1) (131 SE2d 780); *Broome v. Graham,* 99 Ga. App. 682 (1) (109 SE2d 824).

4. The appellants' remaining enumerations of error all pertain to the direction of a verdict in favor of the plaintiff, based upon several letters and conversations between Kelley and Contractors by which Contractors allegedly became a party to the paving contract signed only by Kelley and Merit.

Although parol evidence may be used to explain ambiguities[2] (Code Ann. § 38-502) or to aid in

---

trial, that motion, being made the law of the case, is what must be appealed.

[2]Ambiguity, in terms of Code Ann. § 38-502, refers to words or phrases of duplicitous, indistinct or uncertain meanings which may fairly be understood in more ways than one. *Dorsey v. Clements,* 202 Ga. 820 (44 SE2d 783); *Novelty Hat Mfg. Co. v. Wiseberg,* 126 Ga. 800, 801 (55 SE 923). A written paving contract between Kelley Paving Co. and Merit Development Co. can hardly be viewed as ambiguous as to the identity of the parties.

construction of contracts (Code Ann. § 38-505), it is clearly inadmissible to vary the terms of a valid written contract. Code Ann. § 38-501. As a general rule, one may not be sued for breach of a contract which does not name him and which he has not executed. Although parol evidence is admissible when not at variance with a written contract to identify the real party in interest (*Powell v. Ferguson Tile &c. Co.,* 125 Ga. App. 683, 687 (188 SE2d 901)), in the case sub judice, the contract was executed by Kelley and Merit, with consideration passing between them and resulting in their mutual benefit. There is no contention that Contractors was the real party in interest nor does the record support such a conclusion.

Alternatively, the contention is made that a subsequent oral contract between Kelley and Contractors superseded the original written document. While a written agreement may be modified by a subsequent oral agreement, this is not warranted by the record before us.

Modification of a partly executed written contract occurs when the parties to that contract agree to change its terms. The agreement to substitute a third party for one of the nominal parties to the contract is a separate contract, having as its consideration the release of one of the nominal parties from his obligations on the original contract. This was not strictly a modification of the original contract. Moreover, such an agreement must be supported by valuable consideration. In this case, Contractor's statement that it would pay Kelley for the paving as soon as it obtained the requisite financing, was made more than a month after the paving project had been completed. (T. 18-19) The record is devoid of evidence that Contractors had previously agreed to pay for the charges on Merit's account. This undertaking to pay Merit's debt, if such was the case, was a gratuitous promise by Contractors and, as such, was insufficient to support a modification of the partly executed original contract.[3]

------

[3]The record also suggests that defendants Cooper and Rush offered to sign a personal note for the amount owed. (T.50) This offer was made at a meeting of creditors, after the paving project had been completed, and, as such, was another gratuitous but unenforceable promise.

However, it is unclear whether there was a collateral oral agreement, at the time the written contract was executed, whereby Kelley agreed to proceed with the paving job and thereby extend credit to Merit, a newly formed company, based upon representations from Contractors that the account would be paid. The existence or nonexistence of such a collateral agreement to extend credit to Merit because of its affiliation with Contractors, is a factual issue which warrants jury resolution. See *Pharr Road Invest. Co. v. Sasser & Co.,* 133 Ga. App. 772 (212 SE2d 857).

On the record before us, we do not find that a verdict for plaintiff Kelley against Contractors was demanded by the evidence. Accordingly, it was error to direct a verdict on the issue of liability.

5. It is undisputed that Merit signed a written contract wherein it agreed to pay for the paving done by Kelley. The testimony also shows that the job was completed and there is no evidence that it was completed in anything other than a satisfactory manner. No defenses having been raised to the contract,[4] the direction of a verdict against Merit for the amount due on the contract was demanded.

*Judgment reversed as to defendant Contractors Management Corporation; judgment affirmed as to defendant Merit Development Company. Deen, P. J., concurs. Evans, J., concurs in the judgment.*

ARGUED SEPTEMBER 9, 1975 — DECIDED OCTOBER 10, 1975.

*Slutzky & Wolfe, Danny C. Bailey,* for appellants.

---

[4]At trial, the defendants rested without setting forth any evidence or calling any witnesses. Plaintiff had placed the contract signed by Merit in evidence, thereby establishing a prima facie case. There is no evidence that the job was unsatisfactory, other than an unsupported allegation raised in defendants' answer to plaintiff's petition. (R.17)

*Davis & Stringer, Robert H. Stringer,* for appellee.