### 52162. CONTRACTORS MANAGEMENT CORPORATION et al. v. McDOWELL-KELLEY, INC.

McMurray, Judge.

This is the second appearance of this case in this court: In *Contractors Management Corp. v. McDowell-Kelley, Inc.,* 136 Ga. App. 116 (220 SE2d 473), this court reversed the direction of the verdict as to the defendant Contractors Management Corp. and affirmed the judgment in rem against certain property of Merit Development Co., a partnership.

On return of the remittitur to the lower court the judgment of the Court of Appeals was made the judgment of the lower court. That court then entered language in its order that the plaintiff should recover from the defendant "personally, the sum of $57,628.06, plus interest and cost of court and this appeal. . ." and said judgment is made a special lien upon the property described therein. *Held:*

1. The defendant, Merit, now appeals, contending the lower court did not conform its judgment on remittitur to the opinion of this court. The use of the word "personally" in the judgment did not change the original judgment in rem against the partnership's property to one in personam against the individual partners, although admittedly the choice of language is somewhat confusing.

2. An affirmance of a final decree of the trial court by an appellate court without condition or direction leaves the trial court on return of the remittitur without jurisdiction to entertain or pass upon a motion to add to or amend the decree. See *Pearle Optical v. State Bd. of Examiners,* 219 Ga. 856 (136 SE2d 371); *Helmly v. Schultz,* 219 Ga. 594 (134 SE2d 810).

3. This court refuses to award plaintiff (appellee) a 10% penalty of the judgment sum since it is not our opinion that the cause was taken up for delay only. See Code § 6-1801; *Knox Jewelry Co. v. Cincinnati Ins. Co.,* 130 Ga. App. 519, 522 (5) (203 SE2d 739); *Prattes v. Southeast Ceramics,* 132 Ga. App. 584, 586 (3) (208 SE2d 600).

4. In addition, out of an abundance of caution, the lower court is instructed to strike the word "personally" from its remittitur judgment which merely affirmed the

original in rem judgment against the property of Merit Development Co.

*Judgment affirmed with direction. Pannell, P. J., and Marshall, J., concur.*

ARGUED MAY 4, 1976 — DECIDED MAY 21, 1976 — REHEARING DENIED JUNE 11, 1976.

*Slutzky & Wolfe, Danny C. Bailey,* for appellants. *Davis & Stringer, Robert H. Stringer,* for appellee.