## 62100. HUDGINS v. THE STATE.

BIRDSONG, Judge.

Theft by Deception. The appellant J. Don Hudgins and/or his father negotiated a loan with the Commercial Bank of Bowden in the amount of $2,499.75 in August, 1977, pledging as collateral a mobile home. A second loan was obtained from the West Georgia National Bank of Carrollton in the amount of $7,777.30 and an additional mobile home was pledged as collateral. On August 11, 1977, the appellant Don Hudgins sold two mobile homes to a Mr. Stevens. These mobile homes were sold by bill of sale. The bill of sale guaranteed title to the two mobile homes, and designated each by a particular identification number. Subsequently Stevens attempted to obtain title to each of the mobile homes. Hudgins had reserved to himself in the bill of sale four to six weeks in which to deliver guaranteed title to Stevens as to each of the mobile homes. Closer examination disclosed that the identification number series shown in the bill of sale as to each mobile home was not the same number series that actually was attached to the mobile home. Ultimately, the investigation disclosed that the two mobile homes sold by Hudgins to Stevens were in fact the collateral pledged by Hudgins to the Bowden bank and the West Georgia bank. The crime of theft by deception, i. e., the obtaining of the purchase price by Hudgins from Stevens in exchange for the possession and guaranteed title of the two mobile homes was brought against Hudgins. Hudgins' principal defense was that there had been a consolidation note and a pledge of certain real estate which satisfied the earlier indebtedness upon which the mobile homes had been pledged. Hudgins also asserted that the West Georgia bank had given him permission to sell the mobile homes and remission of the proceeds to the bank as a means of satisfying one of the notes. The bank officer involved testified that there had been no consolidation so as to satisfy the previous loans nor had any permission been given to sell the two mobile homes pledged as collateral. The jury returned a verdict of guilty and Hudgins was sentenced to six years. Hudgins brings this appeal enumerating as error the insufficiency of the evidence to support the conviction. *Held:*

As can be seen from the above summary of evidence, the state showed that Hudgins sold pledged property and obtained $5,500 as a purchase price, at the same time guaranteeing clear title. The state's

evidence established firmly that he could not deliver according to his promise. The jury was aware of and considered the defense offered by Hudgins and chose to reject the same.

After the jury has returned a verdict of guilty, where the defendant seeks a reversal of his conviction on appeal by arguing either that the trial court erred in failing to direct a verdict of acquittal or asserting the insufficiency of the evidence, the only question presenting itself to the appellate court is whether there is sufficient evidence to satisfy a rational trier of fact of the essential elements of the crime charged beyond reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). It is the function of the jury not the appellate court, to determine the credibility of witnesses and weigh any conflict in the evidence. The appellate court views the evidence in the light most favorable to the jury's verdict after it has been rendered. *Watts v. State,* 239 Ga. 725, 727 (1) (238 SE2d 894). We find sufficient evidence in the transcript of this trial to satisfy that test.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 28, 1981.

*C. Theodore Lee,* for appellant.
*Arthur E. Mallory III, District Attorney,* for appellee.