## 64791. COLBERT v. DOE.

CARLEY, Judge.

Appellant, Timothy Colbert, brought suit under Code Ann. § 56-407.1 (d) for personal injuries and expenses allegedly sustained as a result of the negligent operation of an automobile by an unknown driver. Service was made upon Colbert's uninsured motorist carrier, Bankers & Shippers Insurance Company of New York. Bankers & Shippers answered, denying liability on the ground that there was no actual physical contact between the two vehicles, a requirement for recovery under Code Ann. § 56-407.1 (b) (2). The trial was bifurcated and the issue of liability was tried first. Appellant testified that he felt contact between the two vehicles and saw paint from the other car on his truck. The investigating officer, however, testified that he examined appellant's truck and had found no evidence of physical contact with any other vehicle. The officer also testified that appellant told him at the scene that there had been no contact. An eyewitness testified that he had been looking directly at both vehicles and that there was no contact between them. The jury returned a special verdict finding that there had been no contact. Appeal is brought from the judgment entered on the jury's special verdict.

1. Appellant enumerates as error the admission into evidence of the testimony of the investigating officer relating to what appellant had told the officer at the scene. Appellant contends that this testimony was inadmissible hearsay. "Extrajudicial statements by an opposing party inconsistent with the position of that party are positive evidence of the fact asserted and are admissible as an

exception to the hearsay rule. Green, Georgia Law of Evidence, p. 519, § 233. The testimony here involved meets this test." *Petty v. Folsom,* 229 Ga. 477, 478 (1) (192 SE2d 246) (1972); Code Ann. § 38-403. Accord, *Ga. Farm Bureau Mut. Ins. Co. v. Wall,* 242 Ga. 176 (2) (249 SE2d 588) (1978); *Smith v. Greene,* 144 Ga. App. 739 (1) (242 SE2d 312) (1978). See generally, Agnor's Ga. Evid., p. 213, § 11-7. Moreover, it does not appear from the transcript that a hearsay objection was raised at the time the testimony was elicited and "[b]y not stating a ground for objection at that time, it was therefore waived." *Reaves v. State,* 242 Ga. 542, 551 (250 SE2d 376) (1978).

2. Appellant asserts that the introduction of evidence concerning his insurance policy was inadmissible prior to judgment. The record discloses that, although Bankers & Shippers admitted the existence of the uninsured motorist coverage in its defensive pleadings, it moved for directed verdict at the close of appellant's evidence on the ground that there was no evidence showing any obligation on behalf of the insurer to anyone involved in the incident. The trial court then allowed appellant to reopen his case and introduce an interrogatory and answer dealing with the policy and the limits of liability. Appellant does not apprise us of what harm, if any, he suffered from introduction of this evidence. Further, "if there was any error it was self-induced and will not be a ground for a new trial. [Cit.]" *Battle v. State,* 160 Ga. App. 111, 112 (2) (286 SE2d 341) (1981).

3. Appellant's objection to the introduction into evidence of the police motor vehicle accident report was originally sustained. Later, however, appellant's counsel withdrew his objection and requested that the report be introduced. Having elicited the objected-to evidence after his prior objection was sustained, "appellant cannot now complain for it was he who introduced [the report] into evidence, and self-induced error is not grounds for reversal. [Cit.]" *Sullens v. State,* 239 Ga. 766, 767 (2) (238 SE2d 864) (1977).

4. In his brief, appellant asserts that he was prejudiced because a juror talked to someone other than another juror concerning the case. The trial transcript reveals that, during jury deliberations, the foreman asked the sheriff if the verdict had to be unanimous. The only statement made by the sheriff was that the court had charged the jury on that subject. After being informed of this "conversation" by counsel for appellee, the trial court brought the jury in and recharged them fully as to the requirement of a unanimous verdict. No objection was made at that time by appellant. Moreover, it is clear that no improper "discussion" concerning the merits of the case took place between the sheriff and the jury foreman. See *Ball v. State,* 155 Ga. App. 220 (2) (270 SE2d 385) (1980). We find no ground for

reversal for any reason assigned.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED DECEMBER 3, 1982.

Timothy Colbert, pro se.
*Frank W. Virgin, Edward W. Killorin,* for appellee.