70135. RICHARDSON et al. v. PULLEN.
(333 SE2d 130)

BENHAM, Judge.

Appellants Randall and Barbara Richardson brought a suit for

damages to recover for injuries received by Randall Richardson when he was allegedly struck by a mirror on the right side of appellee Pullen's pickup truck while walking alongside a highway. The trial court directed a verdict in favor of appellee at the close of appellants' evidence, and they appeal, contending that the court substituted its opinion for that of the jury in weighing the factual questions of negligence, diligence and proximate cause. We affirm.

At trial, appellants called appellee for cross-examination. His testimony was that he was driving under the speed limit in the center of the right-hand lane of a four-lane highway when he spotted Richardson 75 to 100 yards ahead, walking on the shoulder of the road in the same direction the traffic was going, stumbling as though the ground were uneven. Appellee stated that he thought at the time about the danger to which Richardson was exposing himself by walking along a busy road with no sidewalk. Appellee continued to observe Richardson moving toward and away from the guardrail as appellee approached and drew level with him. Appellee did not see Richardson move into the road, but testified that after he stopped his truck and walked back to the place where Richardson was lying beside the road, he heard Richardson say to a person who was assisting him that he must have stumbled.

Richardson's testimony was that he was walking along the road, aware of the traffic, and as he turned his head toward the road to look at traffic, something struck his head. It was uncontradicted that Richardson's injuries resulted from contact between his head and the mirror on appellee's truck.

This evidence does not show any act or omission of appellee which would constitute negligence. OCGA § 24-4-1 places the burden of proof "upon the party who is asserting or affirming a fact and to the existence of whose case . . . the proof of such fact is essential." "The burden of proof is determined by the pleadings, and a defendant's denial of the plaintiff's allegations is notice to the plaintiff that he has the burden to prove them. [Cit.]" *Carver v. Jones*, 166 Ga. App. 197 (1) (303 SE2d 529) (1983). "[T]he plaintiff must establish on his part all of the facts necessary to show that the defendant is liable, the defendant not being called on to make any defense until enough testimony has been introduced to show that [he] owed a duty to the plaintiff, that [he] negligently failed in [his] performance, and that in consequence thereof the plaintiff was damaged. Proof of the duty and injury are only parts of the plaintiff's case. The law raises no presumption whatever as to who was to blame. The burden is on the plaintiff to show that the defendant was negligent." *Chenall v. Palmer Brick Co.*, 117 Ga. 106, 108 (43 SE 443) (1903). "Moreover, '[i]n the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence.' [Cits.]" *Housing*

*Auth. of Atlanta v. Famble,* 170 Ga. App. 509, 525 (3a) (317 SE2d 853) (1984). Accordingly, the trial court correctly directed the verdict in favor of appellee.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 21, 1985 —
REHEARING DENIED JULY 5, 1985 — 

*James E. Yates III, Charles R. Ashman,* for appellants.
*Willis J. Richardson, Jr., Thomas J. Mahoney, Jr.,* for appellee.