70925. BRANNON v. THE STATE.
(337 SE2d 782)

CARLEY, Judge.
Appellant appeals from his conviction of four counts of child molestation.

1. Appellant contends that the trial court erred in admitting into evidence, over his hearsay objection, testimony of the mother of one of the victims concerning statements made to her by her child. The testimony was offered as original evidence to explain the mother's "conduct" in making a report of the incident and in allowing the child to attend therapy sessions. The trial court held the testimony admissible because the victim had already testified and was available to be recalled if necessary.

Our Supreme Court, in a recent opinion dealing with the same evidentiary issue held as follows: "The question for the fact finder was whether the father committed [child molestation] against the daughter. The daughter testified in court under oath subject to cross-examination that he did. The mother testified in court under oath subject to cross-examination that the daughter, out of court not under oath nor subject to cross-examination, told her that he did. The admissibility of the daughter's out-of-court statement is governed by our opinion in *Gibbons v. State,* 248 Ga. 858 (286 SE2d 717) (1982). That case dealt with a prior inconsistent statement made by an in-court witness and we held the prior inconsistent statement was not limited in value to impeachment but was substantive evidence of the matter asserted. Here there is no inconsistency between the testimony of the daughter at trial and her prior statement. Impeachment is not involved. Nonetheless the principle we laid down in *Gibbons* applies. The veracity of the daughter is in issue on the question whether her father [molested] her. In her out-of-court statement she said he did and at the trial she testified he did. At trial she was under oath and subject to cross-examination about her testimony and about her out-of-court statement. The concerns of the rule against hearsay are satisfied." *Cuzzort v. State,* 254 Ga. 745 (334 SE2d 661) (1985). *Cuzzort* controls and the trial court did not commit error in allowing the testimony of the mother.

2. Appellant similarly enumerates as error the admission of the testimony of another parent concerning what she was told by her child regarding incidents of molestation. Appellant waived his right to assert error in this regard by failing to object to this evidence when it was admitted. See *Reaves v. State*, 242 Ga. 542, 550 (6) (250 SE2d 376) (1978); *Colbert v. Doe*, 164 Ga. App. 618 (1) (298 SE2d 592) (1982).

3. Appellant asserts that the trial court erred in failing to grant a directed verdict of acquittal on the ground that the evidence was insufficient to support a conviction. The evidence presented to the jury by the victims gave explicit details of what occurred. The acts attributed to appellant did, in fact, constitute molestation. "After the jury has returned a verdict of guilty, where the defendant seeks a reversal of his conviction on appeal by arguing either that the trial court erred in failing to direct a verdict of acquittal or asserting the insufficiency of the evidence, the only question presenting itself to the appellate court is whether there is sufficient evidence to satisfy a rational trier of fact of the essential elements of the crime charged beyond a reasonable doubt. [Cit.]" *Hudgins v. State*, 159 Ga. App. 723, 724 (285 SE2d 73) (1981). After a review of the entire record, we find that a rational trier of fact could have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Appellant next contends that the trial court failed to instruct the jury on his alibi defense. However, the record shows that the trial court did charge the jury on alibi, thoroughly and correctly, making it clear that the burden was upon the State to prove that appellant was at the scene of the crime. Although not the better practice, it was not reversible error for the court also to charge the jury that, unless time was an essential element of the offense charged, the time of the commission of the offense alleged in the indictment was immaterial and that the State need only prove that the offenses occurred prior to the return of the indictment and within the statute of limitations. *McCoy v. State*, 174 Ga. App. 621, 622 (2) (330 SE2d 746) (1985).

5. Appellant's final enumeration concerns a ruling by the trial court during a pre-trial conference. The record before us contains no transcript of the hearing and is otherwise devoid of any rulings or objections as to this matter. "In the absence of a transcript we must assume as a matter of law that the evidence adduced at the hearing supported the findings of the court." *Moore v. State*, 151 Ga. App. 413, 415 (260 SE2d 350) (1979).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur specially.*

Sognier, Judge, concurring specially.

I concur in the results of this case. This special concurrence arises because I cannot agree that the Supreme Court intended their decision in *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985) to be applied to the fact situation in this case. Although I am constrained to say that *Cuzzort* is subject to the interpretation that the majority places upon it, a close reading of *Cuzzort* indicates that the court relied upon the fact that the witness's out-of-court statement was made "on an occasion near in time to the alleged offense." *Cuzzort*, supra, page 745.

To place the broad interpretation on *Cuzzort* that the majority does would lead to every witness being able to enhance his veracity and bolster his case by his previous out-of-court statements made prior to trial. The admission of this hearsay evidence could enlarge a case from one witness to several and could result in the calculated making of statements by a witness for this very purpose. For the stated reasons, I concur specially.

I am authorized to state that Presiding Judge Birdsong joins in this special concurrence.

Decided November 7, 1985.

*Michael E. Sumner, Donald C. Turner, John R. Greco*, for appellant.

*Arthur E. Mallory III, District Attorney*, for appellee.