## A97A1172. VANACORE v. CITIZENS BANK.
### (491 SE2d 181)

Judge Harold R. Banke.

William G. Vanacore appeals the trial court's grant of summary judgment to Citizens Bank ("Bank") on his counterclaim.

The Bank filed the underlying action to recover approximately $130,000 on four promissory notes which Vanacore had personally guaranteed for his business, Worthmore Manufactured Homes, Inc. ("Worthmore"). Each note was secured by one or more manufacturer's statements of origin ("MSOs") for specific manufactured homes as collateral. The Bank extended the last loan on February 1, about a month before Worthmore filed for Chapter 11 bankruptcy protection.[1]

The Bank's executive vice-president, Robert Griner, testified that at the time of the February 1 loan, Vanacore was not in good standing with the Bank and had a large overdraft. Both Bill Perry, the Bank's chairman, and Griner attested that they personally met with Vanacore at his plant and reviewed the location and status of the collateral with him two days before finalizing the loan. According to Griner, Vanacore personally endorsed this note and gave the Bank 15 mobile homes listed by MSO number as collateral for the loan. Shortly after Worthmore filed for bankruptcy, the Bank discovered that the Bank of Lenox had a perfected security interest in the same collateral Worthmore's president, Vanacore, had pledged to the Bank.[2] It is undisputed that the Bank's four promissory notes on which the underlying action is based were made after the date of the Bank of Lenox's perfected UCC filing.

Vanacore failed to respond to the Bank's summary judgment motion, instead merely amending his original counterclaim where he had alleged that the Bank's failure to keep its agreement to lend him additional funds caused his business to fail. In his amended counterclaim, Vanacore asserted that the loan of February 1 for $55,139.57 was an uncollateralized "good faith" loan. He claimed that the Bank subsequently added or altered after the fact the security pledged in the note.

In support of his amended counterclaim, Vanacore offered three affidavits, his own, his wife's and an attorney's. All three affidavits attest that each affiant overheard the same telephone conversation over a speaker phone during which Griner, the Bank's executive vice president, allegedly remarked that he did not remember whether the

---

[1] During the pendency of the Bank's suit, Vanacore filed for personal bankruptcy protection.

[2] Vanacore purportedly consented to a plea agreement requiring that he make monthly restitution payments to the Bank in response to criminal charges that he endangered the Bank's security and sold collateral out of trust.

items of security for that note were written or typed at the time Vanacore signed it. In his affidavit, Vanacore avers that the Bank placed no conditions on the February 1 note and that no items or property was indicated on the note when he signed it.

During his deposition, Griner was interrogated about the speaker phone conversation from a month earlier. Griner affirmatively swore that the 15 mobile homes listed on the note had already been typed in before Vanacore signed it. Griner also specifically recalled that Vanacore had signed this note in his office.

The personal guaranty for the controverted note contains a bankruptcy clause requiring: "[I]f a petition in bankruptcy be filed by . . . the Debtor [Worthmore] . . . the undersigned [Vanacore] agrees to pay to the Bank upon demand the full amount which would be payable hereunder by the undersigned [Vanacore] if all Liabilities were then due and payable." It is undisputed that Worthmore filed for bankruptcy and that the Bank demanded payment from Vanacore for the amount due on the note. Vanacore appeals the judgment in the Bank's favor. *Held*:

Vanacore contends that judgment on his counterclaim for fraud was precluded by a material question of fact as to whether the collateral listed on the note of February 1 was listed at the time the note was executed or fraudulently added later by the Bank. Vanacore's sole proffered evidence on the issue of fraud is the affidavits mentioned above.

Notwithstanding Vanacore's contention, Griner's purported comment did not comprise contradictory testimony. Compare *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986) (intentional self-contradictory testimony construed against equivocator, absent reasonable explanation). Griner's memory could have easily been jogged by a thorough review of events and the documents which he had been provided during his deposition. Moreover, this alleged remark did not constitute an admission, since Griner never admitted that the Bank did not list the MSOs. Compare *Riviera Finance v. McBride*, 221 Ga. App. 321, 322-323 (471 SE2d 233) (1996); OCGA § 24-3-31. Nor was it a prior inconsistent statement. See *Colbert v. Doe*, 164 Ga. App. 618 (1), 619 (298 SE2d 592) (1982).

At best, the affidavits rely on conjecture — that if Griner could not remember the security being listed, therefore it was not listed. Where no factual basis is provided for an averment appearing in an affidavit, it may be deemed conclusory and will not be sufficient to avoid summary judgment. *Abrahamsen v. McDonald's Corp.*, 193 Ga. App. 868, 870 (2) (389 SE2d 386) (1989). Moreover, it is undisputed that all of Worthmore's completed units were subject to the perfected security interest of the Bank of Lenox, which rendered the list of

MSO numbers essentially immaterial.[3] Vanacore's tangential averment that the Bank extended Worthmore an uncollateralized "good faith" loan cannot defeat the plain unconditional language of the personal guaranty, that in the event of Worthmore's bankruptcy, Vanacore agreed to repay the full amount due on the note at issue upon the Bank's demand.

After the Bank moved for judgment, Vanacore failed to offer evidence as to each essential element of fraud. See *Delk v. Tom Peterson Realtors*, 220 Ga. App. 576, 578 (469 SE2d 741) (1996) (plaintiff's claim must fail in the absence of evidence as to triable elements of fraud). Nor did Vanacore offer evidence to rebut or controvert the Bank's evidence of the enforceability of the guaranty at issue. See *Fussell v. Jones*, 198 Ga. App. 399, 400 (2) (401 SE2d 593) (1991).

To avoid judgment, Vanacore could not rest on his pleadings but had to present admissible evidence showing actual issues for trial. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). This he failed to do.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED AUGUST 11, 1997.

*Saliba, Edwards & Moore, George M. Saliba II*, for appellant.
*Thomas W. Thomas, Jr.*, for appellee.

---

[3] Perry testified that after the Bank made the loan, Vanacore admitted to him that he had sold all of the mobile homes out of trust.