A98A0558. MARABLE v. FIRST UNION NATIONAL BANK.
(502 SE2d 557)

BLACKBURN, Judge.

First Union National Bank sued Charles Marable, Sr., for amounts remaining due under a promissory note following the repossession and sale of an automobile securing the note. Marable asserted several counterclaims, including claims for wrongful repossession, conversion, and intentional infliction of emotional distress. The trial court granted summary judgment in favor of First Union on its claim and Marable's counterclaims, and Marable appeals.

"On appeal from a trial court's grant of summary judgment, this Court conducts a de novo review of the evidence. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The movant has the original burden of making this showing. Once the movant has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the respondent to come forward with rebuttal evidence. . . . In rebutting this prima facie case, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in OCGA § 9-11-56 must set forth specific facts showing that there is a genuine issue for trial. OCGA § 9-11-56 (e)." (Punctuation omitted.) *World Championship Wrestling v. City of Macon*, 229

Ga. App. 248 (493 SE2d 629) (1997).

On March 18, 1985, Marable's wife and son executed a promissory note in favor of National City Bank, First Union's predecessor-in-interest.[1] The note was secured by a 1985 Ford Mustang automobile. On June 11, 1986, Marable also signed the note as a co-maker. At that time, Marable and National City Bank also executed a loan extension agreement, which Marable contends extended the maturity date of the loan by four months. The agreement itself does not specifically set out the length of the extension, leaving blank the space for the new maturity date. However, Pete O'Dillon, who executed the agreement on behalf of National City Bank, testified that the extension was for four months. The agreement provided that Marable would pay a $774.30 extension fee and would make monthly payments on the note beginning on June 25, 1986, and continuing until maturity. The agreement provided that all terms of the note remained in force except as modified by the agreement. Marable made no payments on the note after January 10, 1989, and the vehicle was repossessed in April 1989.

1. Marable contends that he was not in default at the time of the repossession, because First Union failed to take into account the four-month extension granted in June 1986. Under Marable's reasoning, since he received a four-month extension and was only two payments behind at the time of repossession, he was actually two months *ahead* in payments.

This reasoning is flawed, as Marable has misconstrued the effect of the extension agreement. The agreement merely extended the maturity date of the loan for four months, and in no way affected Marable's obligation to continue making monthly payments on the note. The agreement did not grant Marable a four-month grace period in which payments were not required, but expressly provided that monthly payments be made starting on June 25, 1986, which was the next regularly scheduled payment date after the execution of the extension agreement. By failing to make any monthly payments after January 10, 1989, Marable breached the terms of the note and extension agreement, and the fact that the maturity date had been extended in no way affects this analysis. Marable's suggestion that the $774.30 extension fee should have been applied to the monthly payments on the loan is also without merit, as the extension agreement clearly provided that such payment was in consideration of the grant of an extension.

2. Marable's second enumeration contends that the trial court erred in granting summary judgment to First Union on Marable's

---

[1] National City Bank was subsequently acquired by First Union.

counterclaims. However, as Marable failed to address this enumeration in his brief, it is considered abandoned. See Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MAY 21, 1998.

*William A. O'Dell*, for appellant.
*Jones, Byington, Durham & Payne, Frank H. Jones*, for appellee.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*