A98A2246, A98A2313. ETHEREDGE v. KERSEY et al.;
and vice versa.
(510 SE2d 544)

BLACKBURN, Judge.

In Case No. A98A2246, plaintiff Robert S. Etheredge appeals the trial court's order granting summary judgment to defendants Brian and Karen Kersey in this action for personal injury damages sustained by Robert S. Etheredge after he was struck by a car driven by Brian Kersey. In Case No. A98A2313, the Kerseys cross-appeal the trial court's order striking several of the affidavits submitted in support of their motion for summary judgment.

## Case No. A98A2246

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997)." (Punctuation omitted.) *Hardin v. City Wide Wrecker Svc.*, 232 Ga. App. 617 (502 SE2d 548) (1998).

The evidence of record reveals that Etheredge, who has no independent memory of the incident, was crossing a six-lane road on foot when he ran in front of Brian Kersey's Volkswagen Beetle and was struck. Etheredge failed to use the crosswalk, which the investigating officer estimated was 25 to 50 yards away. The depositions of Brian Kersey and his two passengers are consistent in describing the incident. They deposed that Etheredge stepped off the median and into the road while taking a drink from a can of beer. While in a traffic lane, Etheredge stopped and looked down the road then hesitated before he ran in front of Kersey's automobile. When Kersey saw Etheredge step off the median, he began to slow his car down and changed lanes in an effort to avoid hitting Etheredge. Kersey slammed on his brakes while moving into the far lane when he saw Etheredge dart in front of him. Kersey's brakes locked, and his car skidded. The investigating officer estimated that 72 feet of skid marks were left prior to impact. The record does not contain the testimony of any other witnesses, and Etheredge has no memory of the incident. Etheredge told the investigating officer that prior to the incident his leg had been treated at the medical center where he was given an unknown medication. Etheredge's last memory of that evening is of walking across the medical center parking lot.

"A defendant may [prevail at summary judgment under OCGA

§ 9-11-56] by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a genuine jury issue on at least one essential element of plaintiff's case. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." (Punctuation omitted.) *Presto v. Charter Peachford Behavioral Health System,* 229 Ga. App. 576 (494 SE2d 377) (1997).

In the present case, there is an absence of evidence showing that any of Kersey's acts or omissions constituted negligence. In fact, the evidence revealed that the defendants had the right of way as the plaintiff proceeded heedlessly from the safety of the center median without using the nearby crosswalk. Accordingly, Kersey was not negligent per se, and Etheredge is not protected by OCGA § 40-6-92 (a).

"OCGA § 24-4-1 places the burden of proof upon the party who is asserting or affirming a fact and to the existence of whose case the proof of such fact is essential. The burden of proof is determined by the pleadings, and a defendant's denial of the plaintiff's allegations is notice to the plaintiff that he has the burden to prove them. *Carver v. Jones,* 166 Ga. App. 197 (1) (303 SE2d 529) (1983). The plaintiff must establish on his part all of the facts necessary to show that the defendant is liable, the defendant not being called on to make any defense until enough testimony has been introduced to show that he owed a duty to the plaintiff, that he negligently failed in his performance, and that in consequence thereof the plaintiff was damaged. Proof of the duty and injury are only parts of the plaintiff's case. The law raises no presumption whatever as to who was to blame. The burden is on the plaintiff to show that the defendant was negligent. *Chenall v. Palmer Brick Co.,* 117 Ga. 106, 108 (43 SE 443) (1903). Moreover, in the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence. *Housing Auth. of Atlanta v. Famble,* 170 Ga. App. 509, 525 (3a) (317 SE2d 853) (1984)." (Citations and punctuation omitted.) *Richardson v. Pullen,* 175 Ga. App. 305, 306 (333 SE2d 130) (1985).

In a summary judgment analysis, "[o]nce the movant has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the respondent to come forward with rebuttal evidence. In rebutting this prima facie case, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in OCGA § 9-11-56[,] must set forth specific facts showing that there is a genuine issue for

trial. OCGA § 9-11-56 (e)." (Punctuation omitted.) *Marable v. First Union Nat. Bank*, 232 Ga. App. 628 (502 SE2d 557) (1998).

Here, Etheredge has failed to present any evidence which raises a question of fact as to whether Kersey was negligent. "In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. When uncontradicted and unimpeached evidence is produced as to the real facts, the inference disappears, and does not create a conflict in the evidence so as to require its submission to a jury." (Citations and punctuation omitted.) *Blue Cross &c. of Ga. v. Kell*, 227 Ga. App. 266, 271 (3) (488 SE2d 735) (1997). Etheredge's contentions regarding what might have happened disappear in light of the uncontradicted witness testimony as to what did happen. There is no evidence to support Etheredge's claim that Kersey negligently caused the accident. Therefore, the trial court correctly granted summary judgment to the Kerseys.

*Case No. A98A2313*

In Case No. A98A2313, the Kerseys contend that the trial court erred in striking several affidavits which they sought to admit in support of their motion for summary judgment. However, because our decision in Case No. A98A2246 did not require the consideration of these affidavits, the Kerseys' cross-appeal is moot.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 17, 1998 —
RECONSIDERATION DENIED FEBRUARY 5, 1999 —

*Peter G. Williams*, for appellant.

*Buchanan & Land, Benjamin A. Land, Clay D. Land*, for appellees.