### A00A0351. SPOONER v. DEERE CREDIT, INC.
(536 SE2d 581)

MILLER, Judge.

Claiming default under an inventory security agreement, Deere Credit, Inc. was granted an immediate writ of possession and a final writ of possession and proceeded to repossess several manufactured homes from George Spooner and Keli Christie, doing business jointly as Mac's Housing. Defendants failed to file an answer, and Deere was granted judgment by default. Deere then sued Spooner for a deficiency judgment after disposal of the homes, and Spooner counterclaimed asserting that he was not in default and, therefore, the repossession was wrongful. Deere moved for summary judgment, but the court found that issues of fact remain regarding notice of transfer of the homes, the commercial reasonableness of the sale, and Spooner's right to redeem. The trial court did however grant summary judgment to Deere on Spooner's counterclaim for wrongful repossession from which order Spooner now appeals.

On appeal from a trial court's grant of summary judgment, we conduct a de novo review of the evidence.[1] To prevail on summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[2]

---

[1] *Marable v. First Union Nat. Bank,* 232 Ga. App. 628 (502 SE2d 557) (1998).
[2] *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).

Spooner contends that there is an issue of fact as to whether (1) Mac's Housing was in default, (2) Deere's repossession of the collateral was conducted in good faith, and (3) Deere gave him a reasonable opportunity to cure any default. The trial court concluded that, because the default judgment had not been appealed or set aside, the writ of possession could not be attacked by Spooner.

"Collateral estoppel precludes the relitigation of issues already adjudicated between the parties or their privies in a prior action."[3] To properly invoke this doctrine, the judgment must be on the merits, and this court has previously held that a default judgment satisfies this requirement.[4]

The issue already adjudicated in this case is whether the repossession of the homes was wrongful. Deere's petition claimed that Mac's Housing was in default under the security agreement. These allegations are considered an admission as the defendants named, including Spooner,[5] failed to answer.

A judgment by default properly entered against parties sui juris operates as an admission by the defendant of the truth of the definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations of the declaration.[6]

Since Spooner has in essence admitted default under the security agreement, he cannot now claim that the repossession was wrongful.

We agree with the court that because Spooner failed to answer the petition for immediate writ of possession and a default judgment was entered with no appeal, under collateral estoppel the issue of wrongful repossession can no longer be raised by Spooner. Therefore, the trial court correctly granted summary judgment to Deere on Spooner's counterclaim.

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

---

[3] (Citation and punctuation omitted.) *American States Ins. Co. v. Walker*, 223 Ga. App. 194, 195 (1) (a) (477 SE2d 360) (1996).

[4] *Butler v. Home Furnishing Co.*, 163 Ga. App. 825 (296 SE2d 121) (1982); see *American States*, supra, 223 Ga. App. at 195 (1) (a).

[5] Mac's Housing was served with the petition for immediate writ of possession as was Christie, and although Spooner has not enumerated insufficiency of service of process on appeal, we have no evidence that Spooner was personally served. He is, however, a privy to the action as a part owner of Mac's Housing. Cf. *Langton v. Dept. of Corrections*, 220 Ga. App. 445, 446 (1) (469 SE2d 509) (1996).

[6] (Citation and punctuation omitted.) *American States*, supra, 223 Ga. App. at 195 (1) (a).

Decided June 29, 2000.

*Anderson, Walker & Reichert, Jonathan A. Alderman*, for appellant.

*Thompson, O'Brien, Kemp & Nasuti, R. Michael Thompson, Bret T. Thrasher*, for appellee.