### A09A2224. J.T. TURNER CONSTRUCTION COMPANY, INC. v. SUMMEROUR et al.

(687 SE2d 612)

JOHNSON, Presiding Judge.

J.T. Turner Construction Company, Inc. ("Turner") obtained a default judgment against SWI Partners ("SWI"), a general partnership, and Ernest Burns, one of SWI's partners, for breach of contract and negligent construction. Turner then filed a lawsuit against Orlando Summerour and Randy Hatcher, two other SWI partners, alleging that they were jointly and severally liable for the judgment against SWI. Turner moved for summary judgment, but Summerour and Hatcher responded that they could not be held liable until they "had their day in court." The trial court agreed and denied Turner's motion, finding that Turner was required to "present a prima facie case, and prove the elements of the counts alleged in its complaint against Defendants" in the original suit. We granted Turner's application for interlocutory appeal to determine whether the trial court erred in denying Turner's motion for summary judgment. Because we find that Summerour and Hatcher have "had their day in court," and because there is no dispute that the two, as general partners, are jointly and severally liable for all obligations of SWI, we reverse.

As a general rule, all partners in a general partnership are jointly and severally liable for all debts, obligations, and liabilities of the partnership.[1] A judgment rendered in a suit against a general partnership binds the partnership assets and the individual assets of any general partners who were properly served in the suit.[2] A general partner's individual assets may not be bound unless the partner himself was personally served with process and has "had his day in court,"[3] or unless he has by some express or implied waiver dispensed

---

[1] See OCGA § 14-8-15 (a).

[2] See *Co-op Mtg. Investments Assocs. v. Pendley*, 134 Ga. App. 236, 239-240 (1) (214 SE2d 572) (1975).

[3] *Sugarman v. Shaginaw*, 151 Ga. App. 621, 626 (260 SE2d 731) (1979).

with the necessity of service.[4] However, contrary to Summerour and Hatcher's argument, partners not personally served in the original suit or who do not appear in the original trial against the partnership are nonetheless subject to be sued individually.[5] The question presented in this case is what proof is required in the subsequent suit in order to bind the partner's individual assets.

It has been a considerable amount of time since this Court has been called upon to address the issue presented in this case. However, Summerour and Hatcher have not cited any case, and we have not located any case, overruling our prior decision addressing this issue. Nor have the parties cited or have we found a more recent decision addressing the precise issues raised here. In *Lamar-Rankin Drug Co.*, this Court noted three elements that must be proven before a partner served in a subsequent lawsuit can be held individually liable for a prior judgment rendered on a general partnership debt: the plaintiff must prove that (1) the individual sued was a general partner of the partnership; (2) the indebtedness of the partnership was proved; and (3) the account sued upon was the identical account upon which the former suit against the partnership was based.[6] Given the fact that Turner has conclusively proven all three elements, the trial court erred in denying summary judgment to Turner.

Here, Summerour and Hatcher admitted they are general partners of SWI, and there is no dispute that Turner obtained a valid judgment against SWI on the same indebtedness upon which he now sues Summerour and Hatcher as general partners of SWI. Summerour and Hatcher merely contend they are not liable because the contract between Turner and SWI "was performed by SWI in a commercially reasonable manner." However, a judgment on the merits has already been rendered against SWI,[7] and Summerour and Hatcher, as general partners, are jointly and severally liable for the judgment rendered against the partnership provided Turner can show the three elements established in *Lamar-Rankin Drug Co.* Permitting general partners in a subsequent suit to attack the merits of a judgment rendered against the partnership is in direct opposition to OCGA § 14-8-15 (a) and could lead to inconsistent judgments.

---

[4] See *Rawlins v. Busbee*, 169 Ga. App. 658, 660-661 (1) (b) (315 SE2d 1) (1984) (partner waives individual service where he appears and defends a suit on behalf of the partnership).

[5] See *Lamar-Rankin Drug Co. v. Copeland*, 7 Ga. App. 567, 568-569 (67 SE 703) (1910).

[6] *Lamar-Rankin Drug Co.*, supra at 568.

[7] See *Spooner v. Deere Credit, Inc.*, 244 Ga. App. 681, 682 (536 SE2d 581) (2000) (for purposes of determining the preclusive effect of prior litigation, a default judgment acts as a judgment on the merits).

In addition, contrary to Summerour and Hatcher's contention, they have "had their day in court." This case is here on a review of a summary judgment motion, and as long as Turner can conclusively establish the three elements established in *Lamar-Rankin Drug Co.*, it is entitled to summary judgment. Summerour and Hatcher had the opportunity to show a question of fact as to one or all of the three elements, but they have presented no evidence that contradicts Turner's proof.[8] Had Summerour and Hatcher denied they were partners of SWI, argued that the judgment against the partnership was void for some reason, or denied that the present action involved the same indebtedness as the previous action, they would have been entitled to a trial on those issues. Since these matters were not at issue in this case, however, Turner was entitled to judgment as a matter of law, and the trial court erred in denying its motion for summary judgment.

*Judgment reversed. Ellington and Mikell, JJ., concur.*

DECIDED NOVEMBER 24, 2009.

*McCorkle & Johnson, Colby E. Longley*, for appellant.
*M. Steven Campbell*, for appellees.

---

[8] *Vanacore v. Citizens Bank*, 228 Ga. App. 87, 89 (3) (491 SE2d 181) (1997) (to avoid summary judgment, a defendant cannot rest on his pleadings, but must present admissible evidence showing actual issues for trial).